. EX PARTE LOUIS "BUDDY" SADLER

No. 27,913. November 2, 1955

*Harkness & Friedman,* by *Harry Friedman,* Texarkana, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On the 30th day of October, 1936, relator was convicted in the district court of Cass County of the offense of robbery and his punishment assessed at twenty-five years' confinement in the penitentiary, the cause number being 7671 on the docket of that court.

On December 11, 1936, or approximately forty-five days after the Cass County conviction, relator, upon his plea of guilty, was convicted in the district court of Red River County, of the offense of robbery and his punishment assessed at twenty-five years' confinement in the penitentiary. Attached to and as a part of that sentence is the following order:

"Sentence to begin 10 years from date of sentence in Cass County in Cause No. 7671, October 30, 1936, the State of Texas vs. Buddy Sadler in District Court of Cass County, wherein his punishment was assessed at 25 years in the State Penitentiary."

The penitentiary authorities construe the two sentences as fixing appellant's punishment at a total of thirty-five years in the penitentiary.

Relator is now credited with having served more than twenty-five years in the penitentiary.

It is his contention that the ten-year cumulation of the Red River County conviction is void, that the two sentences run concurrently, and that he is entitled to his discharge from custody.

He seeks that relief by writ of habeas corpus, under the provisions of Art. 119, C.C.P., as amended.

If that contention is correct, he is entitled to his discharge; otherwise, he is not.

The order attempting to cumulate ten years of the Red River County conviction, if otherwise valid, is deemed sufficiently definite and certain.

The court, the number of the case, and the name of the convict are all clearly stated and deemed sufficient. Ex parte Bobbitt, 159 Texas Cr. R. 213, 262 S.W. 2d 416; Ex parte Meadows, 156 Texas Cr. R. 417, 243 S.W. 2d 169; Ex parte Collier, 156 Texas Cr. R. 377, 243 S.W. 2d 177.

The other question presented, however, is more troublesome. This has reference to the action of the district judge in Red River County in cumulating only ten years of the twenty-five-year sentence imposed. May this be lawfully done? A construction of Art. 774, C.C.P., is called for.

That article provides that sentences may be cumulated "when the judgment and sentence in the preceding conviction has ceased to operate."

Unless sentences are cumulated, they run concurrently. Ex parte Baird, 154 Texas Cr. R. 109, 225 S.W. 2d 845; Ex parte Crossnoe, 155 Texas Cr. R. 129, 232 S.W. 2d 855.

It becomes material to ascertain whether the ten-year delay in the taking effect of the Red River County sentence was in fact an order of cumulation or, rather, if it was an order suspending the execution of sentence, or granting probation for ten years.

In 1936, the law did not authorize trial judges to suspend the execution of sentence or to probate sentence. The Adult Probation and Parole Law (Art. 781b, V.A.C.P.) did not come into existence until 1947. Moreover, that law operates only when the punishment does not exceed ten years' imprisonment and the defendant has not been previously convicted of a felony. It could not have applicability here.

So, then, if the ten-year delay was a suspension of sentence, or probation, it is of no force and effect for the want of authori-

ty in the trial court to enter the same. The validity of the order delaying the sentence in the Red River County case must depend, then, upon whether it was an order of cumulation.

The requirement that subsequent convictions *shall begin* when the preceding conviction has ceased to operate appears, in order to be cumulative, to be exclusive, and a very good and sufficient reason existed for that requirement rather than to authorize, merely, delay in the execution of sentence.

Suppose that soon after relator had begun serving the sentences here imposed it had developed that the first conviction was void and therefore had "ceased to operate?" What would be the effect of the ten-year sentence in the second conviction? The sentence, then, not being final, the relator could not be imprisoned thereunder, or called upon to serve that sentence until it had become final.

No other construction may be given to the order delaying for ten years the sentence from Red River County save and except that it was a suspension of the execution of sentence by the trial court, and did not cumulate ten years of that sentence with the first sentence.

The trial court being without authority at that time to enter such an order, it follows that the sentence ran concurrently and that relator, having served the twenty-five-year term imposed by the sentences, is entitled to be discharged from the penitentiary.

It is so ordered.