Argued April 5, affirmed May 1, 1968

STATE OF OREGON, *Respondent, v.*
RODNEY A. JONES, *Appellant.*

440 P. 2d 371

*James A. Pearson,* Eugene, argued the cause and filed a brief for appellant.

*Stephen H. Keutzer,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief were John B. Leahy, District Attorney, and Fred A. Hartstrom, Deputy District Attorney, Eugene.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

SLOAN, J.

Defendant plead guilty to an information filed in Lane county, charging burglary within a dwelling. He was sentenced to a term of seven years to run consecutively with a previously imposed sentence for assault and armed robbery in Clackamas county. He appeals from the sentence claiming it is excessive. It is not. *State v. Shannon,* 1966, 242 Or 404, 409 P2d 911.

His second assignment involves the power of the court to enter a consecutive sentence. Prior to 1961, ORS 137.160 specifically provided for consecutive sentences.

> "If the defendant is convicted of two or more crimes before judgment on either, the judgment shall be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of such crimes. If the defendant is in imprisonment upon a previous judgment on a conviction for a crime, the judgment shall be that the imprisonment shall commence at the expiration of the term limited by the previous judgment."

In 1961 that Section was repealed.

The legislative history of the repealing statute, Oregon Laws 1961, ch 520, p 948, reveals that the repeal was recommended by a Legislative Interim Committee on Criminal Law in a report to the 51st Legislative Assembly of 1961. The Committee report, at p 16, recommended repeal of ORS 137.160 because of the testimony given to the Committee by members of the Board of Parole and Probation that the last sentence of the statute making a consecutive sentence

mandatory for one already imprisoned was detrimental to the parole and rehabilitation program.

The Committee therefore urged repeal of ORS 137.160. The Committee also recommended the adoption of a statute permitting either concurrent or consecutive sentences.

The legislature repealed ORS 137.160 but did not enact the recommended legislation replacing it. However, we feel certain that the legislature was aware that permissive legislation was not necessary. It is an inherent power of the court to impose sentences, including the choice of concurrent or consecutive terms when the occasion demands it. 21 Am Jur2d Criminal Law, § 546, et seq. p 525; 57 ALR2d 1414. Accordingly, the legislature would have recognized that no legislation was needed to authorize the courts to exercise a power already in existence to impose either consecutive or concurrent sentences.

Defendant also claims that ORS 137.370 requires that his second term began when he entered the penitentiary. This was answered by *State v. Froembling,* (1964), 237 Or 616, 391 P2d 390, cert den 379 US 937 (1964).

The judgment is affirmed.