Submitted on record and briefs April 23, affirmed May 22, 1968

## HAMMON, *Appellant, v.* GLADDEN, *Respondent.*

441 P. 2d 241

Lawrence A. Aschenbrenner, Public Defender, Salem, for appellant.

Robert Y. Thornton, Attorney General, and Helen B. Kalil, Assistant Attorney General, Salem, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and RODMAN, Justices.

RODMAN, J. (Pro Tempore).

This is an appeal from an order of the Marion County circuit court dismissing the petition of appellant for post-conviction relief. The dismissal order

was entered when the appellant refused to plead further after a demurrer to the petition had been sustained.

The petitioner is incarcerated in the Oregon State Penitentiary and seeks his release. On May 20, 1964, he was sentenced in the Multnomah County circuit court to a term not to exceed three years in the penitentiary for the offense of larceny. Prior to that time he had been placed on probation by the same court upon conviction of a charge of drawing a bank check with insufficient funds. On June 2, 1964, his probation was revoked and he was sentenced on the check charge to a term in the penitentiary not to exceed one year, "* * * said sentence to run consecutively with sentence imposed by the Honorable Alfred T. Sulmonetti in Case No. C-43186 [the larceny sentence]."

The record before us does not disclose the facts, but apparently he subsequently escaped from the penitentiary and took an automobile while at large. On April 19, 1965, he entered guilty pleas to the offenses of escape from official detention and taking and using a motor vehicle without permission of the owner. On the same date in the Marion County circuit court he was sentenced to a term not to exceed 18 months in the penitentiary on each of those offenses, each sentence providing it was to be served concurrently with the other imposed that day. Each sentence further provided that "* * * said sentence shall run consecutive with that certain sentence the defendant, Aubrey Keith Hammon, is presently serving at said penitentiary."

The sole contention of the petitioner on this appeal is that since the 1961 repeal of ORS 137.160 the

courts of this state have no power to impose cumulative or consecutive sentences, except for violation of ORS 166.230, which involves the commission of a felony while armed with a firearm. Were this true, his several sentences would have now been served.

Petitioner's contention is disposed of by our holding in *State v. Jones,* 250 Or 59, 440 P2d 371 (decided May 1, 1968).

Affirmed.