Sehrt, Boyle, Wheeler & Butler, Antonio E. Papale, Jr., New Orleans, La., for plaintiff.

Harry Hull, Asst. Dist. Atty., New Orleans, La., for defendant.

Alphonse **JOHNSON**

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary.

Civ. A. No. 71–100.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

June 29, 1971.

## JUDGMENT AND ORDER

WEST, Chief Judge.

On June 8, 1959, after having been convicted of theft in Tensas Parish, petitioner Alphonse Johnson was sentenced to the Louisiana State Penitentiary for a period of ten years. While on parole, after having served one-third of this ten year sentence, the petitioner pled guilty to a charge of simple burglary in the Twentieth Judicial District Court of Louisiana on January 11, 1968 and was sentenced to an additional term of five years. The five year sentence was to run consecutively with the balance owing on the previous ten year term, petitioner's parole having been revoked because of the commission of this crime. However, on December 2, 1970 the previous ten year sentence was declared null and void in a habeas corpus proceeding before the United States District Court for the Western District of Louisiana. (Docket No. 16,162). In those proceedings Judge Dawkins gave

the Sixth Judicial District Court in Tensas Parish, Louisiana thirty days within which to retry the petitioner, but they failed to do so, thus making Judge Dawkins' order effective on January 2, 1971. Arguing that he is entitled to credit for all of the time which he has served, the petitioner points out that he has, in effect, been incarcerated for six years and four months on a five year sentence. It is his contention that he should be released forthwith. And in the event that he is not given credit for *all* of the time previously served, the petitioner alternatively calls the Court's attention to the fact that his five year sentence, the only valid sentence remaining, is listed in the petitioner's prison record as starting on January 2, 1971, the effective date of Judge Dawkins' ruling. He contends that this constitutes an illegal extension of his sentence and that the effective date of his five year sentence should be January 11, 1968 at the latest.

Seeking relief in State Court, the petitioner applied for a writ of mandamus to the Nineteenth Judicial District Court of Louisiana, but he was denied relief. He then applied for writs of certiorari, prohibition, mandamus, and habeas corpus to the Louisiana Supreme Court, but once again on March 17, 1971 he was denied relief. He now seeks habeas corpus relief from the Federal District Court. His petition was first filed in the Western District of Louisiana since that was the Court which granted him relief initially, but his case was transferred to this Court under the authority of Title 28 U.S.C.A. § 2241. We find that the petitioner has sufficiently raised the issues presented in this federal petition in State Courts of Louisiana and that he has therefore exhausted his State Court remedies as required by Title 28 U.S.C.A. § 2254.

Considering now the petitioner's claim, his first contention is without merit. A similar argument was made without success in Davis v. U. S. Attorney General, 432 F.2d 777, 778 (5th Cir.

1970) rehearing denied. In that case the Fifth Circuit said:

> "The basis of appellant's contention is that while serving time under an invalid sentence he managed to earn credit against a future unrelated sentence for a crime not yet perpetrated. We cannot accept such a proposition. An allowance for prison time previously served under a void commitment does not reduce sentences imposed as a result of new and different crimes. U. S. ex rel. Smith v. Rundle, 285 F.Supp. 965 (E.D.Pa.1968); Thacker v. Peyton, 289 F.Supp. 368 (W.D.Va.1968). The Mississippi sentence therefore remains undisturbed since it was incurred for the commission of an offense unrelated to the original crime and not even in existence when appellant earned the credit in the Atlanta penitentiary. Cf. Fitzgerald v. Sanford, 145 F.2d 228, 5 Cir., 1944, cert. den. 323 U.S. 806, 65 S.Ct. 311, 89 L.Ed. 643."

His second contention however is meritorious. The rationale is stated in United States ex rel. Olden v. Rundle, 279 F.Supp. 153, 154 (E.D.Pa.1968):

> " * * * if an individual has been convicted of a criminal offense, sentenced and subsequently returned to prison as a parole violator for the prior conviction, he is in effect serving concurrent sentences. If the sentence on which he has been paroled is subsequently declared invalid, *the new sentence should be computed as of the date of its imposition*; since, when the former is invalidated, it is as though it had never existed, and the effect of the recomputation is to give the prisoner credit for the time he would have served had there never been a prior sentence. The relator has been given credit for the time served on the 1939 sentence which ran concurrently with the 1964 penalty."

This same rationale is appropriate here.

For these reasons, it is the judgment of this Court that the petitioner's re-

**706**

quest that he be given credit on the five year sentence he is now serving for time served since January 11, 1968 should be granted and the respondent, C. Murray Henderson, Warden of Louisiana State Penitentiary, is hereby ordered to make the necessary changes in petitioner's records to be in compliance herewith.

It is further ordered that a copy of this Judgment and Order be served, by United States mail or otherwise, in accordance with law, upon petitioner and respondent and upon counsel of record, if any.