Affirmed July 15, petition for rehearing denied August 10,
petition for review denied September 21, 1971

STATE OF OREGON, *Respondent, v.* HAROLD
WILLARD PENLAND, Nos. C-57460, C-57710,
C-57711, *Appellant.*

STATE OF OREGON, *Respondent, v.* PHILLIP
ALLAN LeBRUN, Nos. C-57460, C-57647, C-57710,
C-57711, *Appellant.*

486 P2d 1314

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellants.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant LeBrun was indicted on four counts and defendant Penland on three counts of receiving and concealing stolen property. ORS 165.045. The trials were consolidated at their request, and each defendant was convicted after trial by a judge without a jury of each of the charged counts.

On July 17, 1970, defendant Penland was sentenced to three terms of five years' imprisonment, one of which was consecutive, making a total of 10 years. He filed notice of appeal on that day.

On July 24, 1970, defendant LeBrun was sentenced to four terms of five years' imprisonment, one

of which was consecutive, making a total of 10 years. He filed his notice of appeal at that time.

On October 16, 1970, each defendant filed a motion for a new trial on the ground of newly discovered evidence. LeBrun's motion, therefore, was 84 days from the date of sentencing and 91 days after Penland's sentencing.

The trial court denied both motions.

Each defendant urges that the trial court erred in providing for a consecutive sentence, and relies on ORS 137.370, which provides:

> "Commencement of terms of imprisonment in state penal or correctional institution; voluntary absence. (1) Except as provided in subsection (2) of this section, when a person is sentenced to imprisonment in the penitentiary or the correctional institution, his term of confinement therein commences from the day of his delivery at the penitentiary or correctional institution to the proper officer thereof.
>
> "*   *   *   *   *"

■ ■ In reliance upon *State v. Jones,* 250 Or 59, 440 P2d 371 (1968), we have previously held that a trial court has inherent power to impose concurrent or consecutive sentences in appropriate situations. *See also, State v. Andrews,* 2 Or App 595, 469 P2d 802, Sup Ct *review denied* (1970); *State v. Brudos,* 3 Or App 239, 471 P2d 861, Sup Ct *review denied* (1970). We adhere to those holdings.

■ The second assignment is disposed of by ORS 17.615. This is made applicable to criminal cases by ORS 136.850 and requires that a motion for a new trial must be filed within 10 days after the entry of judgment and that

> "*   *   * The motion shall be heard and de-

termined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

■ Here neither motion was filed until after 60 days from entry of judgment had expired. The trial court correctly concluded that it could not thereafter entertain the motion.

The judgment is affirmed.