Argued January 18, reversed with instructions February 25,
petition for rehearing denied March 21, petition for
review denied April 18, petition for writ of certiorari
denied by U.S. Supreme Court October 10, 1972

# ADRIAN VERNON TRAHAN (No. 73579),
*Respondent, v.* CUPP, *Appellant.*

493 P2d 1391

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was sentenced to a maximum of five years, three years of which were to be concurrent with a prison sentence he was already serving and two years to be consecutive to the sentence he was already serving. The post-conviction court changed the sentence to a straight five-year concurrent sentence, and the state appeals.

The petition for post-conviction relief alleged that petitioner's imprisonment was illegal because the sentence (1) exceeded the maximum allowed and (2) was not in accordance with the sentence authorized by law.

On October 22, 1970, the petitioner entered a plea of guilty to an indictment charging him with Burglary Not In a Dwelling, ORS 164.240. At that time, petitioner was already serving a sentence in the

Oregon State Penitentiary for a prior conviction and the trial court entered the following judgment order:

"*  *  *  *  *

"IT IS ADJUDGED that said defendant shall be imprisoned in a penal or correctional institution of the State of Oregon for an indeterminate period of time, the maximum term of which shall be and hereby is fixed at Five (5) Years, three (3) years of which shall run concurrently with the sentence imposed on defendant in Circuit Court case number C-58168 and which he is presently serving in the Oregon State Penitentiary and two (2) years of which shall run consecutively to said sentence he is presently serving, and he is hereby committed to the legal and physical custody of the Corrections Division of the State of Oregon.

"*  *  *  *  *"

■ The maximum sentence provided by ORS 164.240 is 10 years. The sentence comes within the statutory limits.

■ The second contention presents a novel question. We have found only two decisions where a court imposed a combined concurrent-consecutive sentence for a single offense, *Goyer v. State,* 26 Wis2d 244, 131 NW2d 888 (1965); *Ex parte Sadler,* 162 Tex Cr 170, 283 SW2d 235 (1955). In both these decisions the action of the trial court was declared invalid on the basis of the statutes in force. Oregon, however, has no statute which provides for the imposition of consecutive sentences. *See State v. Jones,* 250 Or 59, 60, 440 P2d 371 (1968). Rather, trial courts in Oregon have inherent discretionary power to impose concurrent or consecutive sentences. *State v. Penland and LeBrun,* 6 Or App 255, 486 P2d 1314, Sup Ct *review denied* (1971); *State v. Brudos,* 3 Or App 239, 471 P2d 861, Sup Ct *review denied* (1970); *State v. Andrews,*

2 Or App 595, 597, 469 P2d 802, Sup Ct *review denied* (1970); *State v. Jones,* supra.

■ When a defendant is convicted of two or more counts at one trial, the trial court can impose concurrent sentences on some of the counts and consecutive sentences on other counts. *State v. Penland and LeBrun,* supra.

■ There appears to be no reason why the trial court cannot impose a combination of concurrent and consecutive years in a sentence for a single crime. It may be that the post-conviction court felt that such sentences would necessitate too complicated bookkeeping by the Corrections Division. However, any resulting inconvenience to that agency cannot affect the jurisdiction of the sentencing court. The question, rather, is whether the sentence is sufficiently definite for the Corrections Division to implement. *See generally,* Annotation, 57 ALR2d 1410 (1958). In the present case it is clear that the trial court intended the defendant to serve five years and that two of those years were to be served after the sentence which the defendant was then serving had been completed. If the trial court imposed only a two-year consecutive sentence, there was the possibility that the total number of years the defendant would actually serve could be reduced if the prior conviction should be declared void. *See Johnson v. Henderson,* 328 F Supp 704 (ED La 1971); *Sterns v. Wainwright,* 195 So2d 860 (Fla 1967). The concurrent portion of the sentence provided for that contingency.

Since petitioner had more than three years to serve under his prior sentence at the time the three-year concurrent sentence was imposed, he contends there will be a hiatus between the concurrent and con-

secutive portions of the second sentence. A consecutive sentence, which is a sentence to begin *in futuro*, by its very nature is affected by the termination date of the first sentence which may in turn be affected by such factors as allowance for good time credits. There will be no hiatus in the defendant's incarceration. Incarceration continues uninterrupted until the total sentence for all crimes has been completed.

Reversed with instructions to reinstate the original sentence.