Argued December 22, 1976, affirmed January 17, 1977

JOHN PALAIA, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY et al,
*Respondents.*
(No. 07-76-251, CA 6840)
558 P2d 846

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this disciplinary proceeding petitioner was charged with and found to have assaulted a corrections officer. The Disciplinary Committee recommended and the Superintendent of the Oregon State Penitentiary approved a sanction of one year in segregation and isolation to be served consecutively to a period petitioner had been ordered to spend in segregation and isolation as a result of a previous infraction of prison rules.

On appeal petitioner contends that since the rules of the Corrections Division do not specifically authorize consecutive as distinguished from concurrent sanctions, the Superintendent had no power to impose a sanction to be served consecutively. We see no good reason why the Superintendent of a prison who has the statutory power to enforce obedience to the rules for the government of inmates by appropriate punishment, ORS 421.105 (1),[1] should not have the same authority in this regard as does a court in imposing criminal sentences.

In the absence of any legislation authorizing consecutive sentences:

"* * * It is an inherent power of the court to impose sentences, including the choice of concurrent or consecutive terms when the occasion demands it. * * *" *State v. Jones,* 250 Or 59, 61, 440 P2d 371 (1968).

It is not logical to assume that the Corrections Division intended by its silence to deprive the Superintendent of the power to impose sanctions which would have a deterrent effect in cases of multiple violations.

---

[1] ORS 421.105 (1) provides:

"The superintendent may enforce obedience to the rules for the government of the inmates in the institution under his supervision by appropriate punishment but neither the superintendent nor any other prison official or employe may strike or inflict physical violence except in self-defense, or inflict any cruel or unusual punishment."

For a general discussion of the statute, *see Curtis v. OSCI,* 20 Or App 530, 532 P2d 798, Sup Ct *review denied* (1975).

The remaining assignment of error does not warrant discussion.

Affirmed.