Argued March 22, reversed and remanded for resentencing April 30, 1979

STATE OF OREGON, *Respondent,*
*v.*
RODNEY JAY DeCHENNE, *Appellant.*
(No. C 78-03-04713, CA 11606)
594 P2d 831

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stuart R. Chandler, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals the sentence imposed following his conviction for Burglary in the First Degree. He contends the court had no authority to order the sentence to run consecutive to a sentence not yet executed in another case.

On February 15, 1978, the Clackamas County Circuit Court sentenced defendant to five years' incarceration. Execution of the sentence was suspended and defendant was placed on probation. On June 22, 1978, the Multnomah County Circuit Court sentenced defendant to eight years' incarceration on another charge. The court ordered this sentence to run consecutive to the five year sentence in the Clackamas County case. On June 29, 1978, the Clackamas County Circuit Court revoked defendant's probation and ordered the five year sentence previously imposed to be executed. It also ordered the sentence to run concurrent with the sentence imposed by the Multnomah County Circuit Court.

During the sentencing hearing in Multnomah County, defendant's counsel stated that defendant was awaiting a probation revocation hearing in Clackamas County. Defense counsel asked that the Multnomah County sentence be made concurrent with the Clackamas County sentence. The state asked that the sentence run consecutive to the Clackamas County sentence.

Defendant argues that the court has no authority to impose a sentence to run consecutive to a sentence which has, at that time, not been executed.

In reliance on *State v. Jones,* 250 Or 59, 440 P2d 371 (1968), we have recognized that trial courts have inherent power to impose concurrent or consecutive sentences. *See State v. Penland and LeBrun,* 6 Or App 255, 486 P2d 1314, *rev den* (1971); *State v. Andrews,* 2 Or App 595, 469 P2d 802, *rev den* (1970), *cert den* 406 US 973 (1972); *State v. Brudos,* 3 Or App 239, 471 P2d

861, *rev den* (1970); *Trahan v. Cupp*, 8 Or App 466, 493 P2d 1391, *rev den, cert den* 409 US 884 (1972).

■■ A consecutive sentence, which is a sentence to begin in the future, by its nature commences when the first sentence is terminated. The principal requirement in imposing a consecutive sentence is that there be a sufficiently definite event for commencement of the consecutive sentence in order that the Corrections Division may implement that sentence. *See Trahan v. Cupp, supra.* Because the Multnomah County sentence was imposed prior to the execution of the Clackamas County sentence it would be calculated by the Corrections Division as the first sentence to commence. Consequently it would not commence after the termination of the Clackamas County sentence. That latter sentence, in turn, would run concurrent with the Multnomah County sentence. That is obviously not the intention of the Multnomah County Circuit Court. The court erred in ordering the sentence to run consecutive to the Clackamas County sentence. The case must be remanded for resentencing. Upon remand the Multnomah County Court may impose a sentence to run concurrent with or consecutive to the executed Clackamas County sentence.

Reversed and remanded for resentencing.