**Robert Allen FIERRO,
Petitioner-Appellant,**

v.

**Ellis MacDOUGALL, et al.,
Respondents-Appellees.**

No. 80–5948.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1981.

Decided June 26, 1981.

Rehearing and Rehearing In Banc
Denied Aug. 4, 1981.

1260

David R. Cole, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Lawrence H. Fleischman, Asst. Public Defender, Tucson, Ariz., for petitioner-appellant.

Before MERRILL, Circuit Judge, MARKEY,* Customs and Patent Appeals Judge, and FARRIS, Circuit Judge.

---

\* Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

1. In *Burchett v. Cardwell*, 493 F.2d 492, 494 (9th Cir. 1974), we held that under Arizona decisional law the imposition of consecutive sentences was proper. In *Ramirez v. Arizona*, 437 F.2d 119, 120 (9th Cir. 1971), we held that the cumulation of sentences was a matter of state policy with which we would not interfere in habeas corpus proceedings. We here deal for the first time with the contention that imposition of such sentences, in the absence of explicit legislative authority, constitutes a violation of constitutional rights.

PER CURIAM:

Appellant stands convicted by the Arizona state court of eighteen state crimes ranging from armed rape to auto theft. Prior convictions also were alleged. He was sentenced to a total term of 184 years in the Arizona state prison. Consecutive sentences were imposed in the case of seven of the counts. The longest sentence for a single count was for 45 to 60 years. The judgment was affirmed on appeal and appellant petitioned for a writ of habeas corpus in the District Court for the District of Arizona. The petition was dismissed and this appeal was taken.

Appellant's sole contention is that he was denied due process in sentencing for the reason that the sentencing court was without authority to impose consecutive sentences. The Arizona legislature has not expressly authorized by statute the imposition of consecutive sentences and appellant argues that under the doctrine of separation of powers it is for the legislature and not the court to fix maximum periods of confinement. He asserts that by its action the court has more then trebled the maximum sentence imposed by law for any of the crimes involved.

Appellant's contention is without merit.[1] The imposition of consecutive sentences is nothing more than the imposition, for each crime, of the sentence fixed by legislative act. Such sentencing does not constitute usurpation of a legislative function but rather is literal compliance with that which the legislature has prescribed.[2]

Judgment affirmed.

---

2. Appellant relies on dictum in *Whalen v. United States*, 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 1437 n. 4, 63 L.Ed.2d 715 (1980), and language in *United States v. Wylie*, 625 F.2d 1371, 1381 (9th Cir. 1980). Those cases are distinguishable from this appeal. They deal with the imposition of consecutive sentences for related criminal offenses arising from the same transaction. Appellant has never contended that any of the counts on which consecutive sentences were here imposed was for the same act as any other count.