Phillip M. Margolin, Portland, Or., for plaintiff-appellant.

Elise Brown, Asst. Atty. Gen., Salem, Or., for defendants-appellees.

**Shayne Allen ROY, Plaintiff-Appellant,**

v.

**Robert J. WATSON, et al., Defendant-Appellees.**

**No. 81–3209.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1981.

Decided March 1, 1982.

Certiorari Denied June 7, 1982.

See 102 S.Ct. 2910.

Before KILKENNY and FLETCHER, Circuit Judges, and HATFIELD,* District Judge.

PER CURIAM:

Shayne Allen Roy appeals from an order and judgment dismissing his petition for writ of habeas corpus in which he challenged as unconstitutional the imposition of consecutive sentences by an Oregon state court absent statutory authority.

FACTUAL BACKGROUND

On June 1, 1976, Roy was initially convicted of theft in an Oregon state court. He was placed on probation for a period of five years. On October 14, 1976, the same court found that Roy had violated the terms of his probation and sentenced him to prison for five years. In 1979, Roy was convicted of escape and was subsequently sentenced to a prison term of five years, to run consecutive to his previous term.

Roy appealed his escape conviction to the Oregon Court of Appeals, which affirmed the judgment. *State v. Roy*, 46 Or.App. 262, 613 P.2d 113 (1980). His petition for review by the Oregon Supreme Court was denied.

---

* Honorable Paul G. Hatfield, United States District Judge, District of Montana, sitting by designation.

Having exhausted his state remedies, Roy filed a petition for writ of habeas corpus in federal district court. He asserted that the imposition of consecutive sentences by the Oregon state court absent statutory authority violated due process of law, the doctrine of separation of powers, and the guarantee against double jeopardy. The state filed a motion to dismiss, which was granted by an order dated March 18, 1981. This appeal followed.

DISCUSSION

Roy raises the same argument on appeal as in his petition for writ of habeas corpus, *i.e.*, that it was unconstitutional for the Oregon state court to impose a consecutive sentence for his escape conviction absent statutory authority. In support of his contention, Roy asserts that prior to 1961, Oregon law specifically provided for the imposition of consecutive sentences, but that the specific statute was repealed in 1961 and no legislation has been enacted to replace it. Roy argues that the recent decision of *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) stands for the proposition that state courts are prohibited from imposing consecutive sentences if those sentences are not specifically authorized by state law.

In *Whalen*, the defendant was convicted for committing the separate statutory offenses of rape and of killing the victim in the perpetration of the rape. He was sentenced to consecutive terms of fifteen years to life for the rape, and twenty years to life for first-degree murder. The conviction and sentences were affirmed by the Court of Appeals for the District of Columbia.

On appeal, the United States Supreme Court held that a defendant could not receive consecutive sentences for offenses arising from the same transaction in the District of Columbia absent express Congressional authorization. The Supreme Court reasoned that the imposition of such consecutive sentences in the District of Columbia without Congressional approval was abhorrent to the guarantee against double jeopardy and the doctrine of separation of powers. *Whalen, supra*, 445 U.S. at 689,

100 S.Ct. at 1436. In a footnote, the Court acknowledged that the doctrine of separation of powers was not mandatory on state courts, but suggested that due process would "presumably prohibit state courts from depriving persons of liberty or property as punishment for criminal conduct except to the extent authorized by state law." *Whalen, supra*, 445 U.S. at 689–90 n.4, 100 S.Ct. at 1437 n.4.

Based upon this footnote in *Whalen*, Roy argues that the imposition of a consecutive sentence for his escape conviction was constitutionally impermissible. We disagree. In *Fierro v. MacDougall*, 648 F.2d 1259 (9th Cir. 1981), this court considered and rejected the precise argument raised by Roy. In *Fierro*, an Arizona state prisoner seeking federal habeas relief claimed that the imposition of consecutive sentences for seven different crimes was unconstitutional. The petitioner argued that since the Arizona legislature had not authorized by statute the imposition of consecutive sentences, the actions of the sentencing court violated due process and separation of powers.

This argument was ruled to be without merit:

> The imposition of consecutive sentences is nothing more than the imposition, for each crime, of the sentence fixed by legislative act. Such sentencing does not constitute usurpation of a legislative function but rather is literal compliance with that which the legislature has prescribed.

*Fierro, supra*, 648 F.2d at 1260. This court factually distinguished *Whalen* on the grounds that *Whalen* involved the imposition of consecutive sentences for offenses arising out of the same criminal transaction, while the petitioner in *Fierro* did not allege that any of the consecutive terms were imposed for the same act. *Fierro, supra*, 648 F.2d at 1260 n.2.

*Fierro* disposes of Roy's argument. Roy received consecutive sentences for two different crimes, committed three years apart. If Oregon law permits the imposition of consecutive sentences, Roy's sentence is not unconstitutional. Although the Oregon statute specifically authorizing consecutive

sentences was repealed in 1961, *see State v. Jones*, 250 Or. 59, 440 P.2d 371 (1968), Oregon courts clearly have the power to impose consecutive sentences for crimes committed at different times. *Id.* No statutory authorization is required where, in contrast to *Whalen*, the acts punished are clearly discrete. *See Fierro, supra*, 648 F.2d at 1260 & n.2.

AFFIRMED.