Argued and submitted March 16, conviction affirmed, sentence modified
April 6, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# TERRY JOSEPH MASTRILLI,
*Appellant.*

(44601; CA A24858)

661 P2d 124

Guy B. Greco, Newport, argued the cause for appellant. With him on the brief was Greco & Escobar, Newport.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM.

**PER CURIAM**

Defendant was convicted of burglary. He assigns six errors on appeal. We find merit only in the last, which concerns the sentence imposed. The trial judge directed that, *inter alia,* the sentence be served consecutively "* * * to any time the defendant is [hereafter] ordered to serve as a result of parole violation in Montana if the defendant is returned to Montana before this sentence is served." Imposing a sentence consecutive to an as yet unexecuted sentence is impermissible. *See State v. DeChenne,* 39 Or App 901, 594 P2d 831 (1979); *State v. Ward,* 59 Or App 42, 650 P2d 164 (1982).

The state agrees that, if the challenged phrase is deemed impermissible, it may be deleted without remanding the case for resentencing. *See* Or Const, Art VII (Amended), § 3. It is so ordered.

Judgment of conviction affirmed. Sentence modified by deleting requirement that defendant serve the term imposed consecutively to any sentence which may be imposed for parole violation in Montana.