661 P.2d 124 (1983)
62 Or.App. 464
STATE of Oregon, Respondent,
v.
Terry Joseph MASTRILLI, Appellant.
No. 44601; CA A24858.
Court of Appeals of Oregon.
Decided April 6, 1983.
Argued and Submitted March 16, 1983.
Reconsideration Denied May 27, 1983.
Guy B. Greco, Newport, argued the cause for appellant. With him on the brief was Greco & Escobar, Newport.
Robert E. Barton, Asst. Atty. Gen., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Atty. Gen., and William F. Gary, Sol. Gen., Salem.
Before GILLETTE, P.J., and WARDEN and YOUNG, JJ.
PER CURIAM.
Defendant was convicted of burglary. He assigns six errors on appeal. We find merit only in the last, which concerns the sentence imposed. The trial judge directed that, inter alia, the sentence be served consecutively "* * * to any time the defendant is [hereafter] ordered to serve as a result of parole violation in Montana if the defendant is returned to Montana before this sentence is served." Imposing a sentence consecutive to an as yet unexecuted sentence is impermissible. See State v. DeChenne, 39 Or. App. 901, 594 P.2d 831 (1979); State v. Ward, 59 Or. App. 42, 650 P.2d 164 (1982).
The state agrees that, if the challenged phrase is deemed impermissible, it may be deleted without remanding the case for resentencing. See Or. Const., Art. VII (Amended), § 3. It is so ordered.
Judgment of conviction affirmed. Sentence modified by deleting requirement that defendant serve the term imposed consecutively to any sentence which may be imposed for parole violation in Montana.