On appellant's petition for review filed June 16*, petition for review denied
August 5, 1986

STATE OF OREGON,
*Respondent on Review,*

*v.*

RICHARD ALTON DILLARD,
*Petitioner on Review.*

(No. 10-85-04190; CA A37321; SC S32957)

722 P2d 735

Gary Babcock, Public Defender, Salem, for petitioner on review.

No appearance *contra.*

MEMORANDUM OPINION

Petition for review denied.

LINDE, J., dissented and filed an opinion.

---

* Appeal from judgment of the Circuit Court for Lane County, Edwin E. Allen, Judge. 79 Or App 548, 719 P2d 925 (1986).

**LINDE, J.,** dissenting.

Defendant pled guilty to charges of driving when his driver's license was suspended, ORS 487.560 (now renumbered ORS 811.175), and driving under the influence of intoxicants, ORS 487.540 (now renumbered ORS 813.010). The circuit court imposed the maximum authorized five-year sentence with a mandatory 2 1/2 year minimum term of imprisonment on the first charge and the maximum allowable one year jail sentence on the second charge, to be served consecutively. Defendant appealed these sentences, and the Court of Appeals affirmed without opinion.

Only one act of driving is involved, not two different events. The conduct was "joined in time, place and circumstances [and] directed to the accomplishment of a single criminal objective," in the words of ORS 131.505(4) that we have found relevant also to sentencing. *State v. Cloutier,* 286 Or 579, 595, 596 P2d 1278 (1979). Defendant's driving gave rise to two charges only because there were two reasons why he should not drive a car — he had no license, and he was intoxicated. Therefore it is at least doubtful whether both sentences can legally stand at all, quite apart from being consecutive.[1] *Cf. State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971)(only one sentence for burglary followed by larceny); *State v. Cloutier, supra; State v. Welch,* 264 Or 388, 505 P2d 910 (1973)(only one sentence for simultaneous bank deposit of two false checks).

Defendant's brief on appeal did not cite the holdings in those cases. The legal argument in many sentence review briefs has become a perfunctory recital of what in the days of hot type was called boilerplate and now takes the form of frozen paragraphs stored in word processors.[2] That is understandable, given this court's seven-year silence on sentence review since the Court of Appeals' *State v. Dinkel,* 34 Or App

---

[1] The restrictions of ORS 137.122 on consecutive sentences did not yet apply at the time of these sentences.

[2] A similar problem resulted from a routine petition in *State v. Earls,* 79 Or App 548, 719 P2d 925 (*rev den* 301 Or 445 (1986)), which repeated old arguments against the authority for consecutive sentences under *State v. Jones,* 250 Or 59, 440 P2d 371 (1968), without raising an issue whether the trial court complied with ORS 137.122(2), which became effective on September 20, 1985, two months before defendant was sentenced.

375, 579 P2d 245 (1979), but the standardized recital can have the effect of depriving a defendant of a potentially valid argument. Equally understandably, it also can lead the state to waive appearance in the Court of Appeals, as it did in this case.

Nonetheless, defendant has placed before the court an appeal from a sentence that he claims to be "excessive," though without citing the relevant legal reasons. If the sentence is wrong, he faces an improper jail term after the completion of his prison sentence. The legal issue has some importance. I see no reason to await a possible post-conviction proceeding followed by further appeals. The state has suffered no prejudice that would not be cured by asking the parties to brief the legal issue whether cumulative sentences for a single act of driving are permissible.

I would allow the petition for review.