STATE ex rel MILLARD,
*Respondent,*

*v.*

WAGY,
nka Easton,
*Appellant.*

(S87,2012; CA A48761)

782 P2d 949

Steven L. Price, Hillsboro, argued the cause and submitted the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals a judgment revoking his probation and holding him in contempt for twice disobeying a temporary restraining order,[1] ORS 33.010(1)(e), and imposing two consecutive six-month suspended jail sentences.[2] We affirm.

On December 31, 1987, after finding that defendant had violated a temporary restraining order forbidding him from "interfering with or menacing" Roberta Millard, the trial court gave him a six-month suspended jail sentence and placed him on probation. Under the terms of that probation, he was to "have no contact whatsoever with the plaintiff * * *, and in particular, * * * no contact with [Millard] on a person-to-person basis, by phone, mail, or through any third party[.]" After a show cause hearing on May 16, 1988, the court found that defendant had violated the terms of his probation by telephoning Millard, revoked the probation and ordered execution of the previously imposed sentence of six months. It also found that his calls to Millard on February 9 and February 16, 1988, constituted two acts of wilful contempt of the temporary restraining order. Accordingly, it also imposed two six-month jail sentences, the sentence for the February 16 contempt to run consecutively to the one imposed for the February 9 contempt, and suspended execution and placed defendant on probation for each offense.[3] The terms of proba-

---

[1] Defendant also contends that the trial court erred in admitting inadmissible hearsay. However, because the claimed error was not preserved, we decline to consider it. *See State v. Klamert,* 253 Or 485, 488, 455 P2d 607 (1969).

[2] Defendant originally appealed from a document entitled "Order Revoking Probation and Execution of Sentence" and "Finding of Wilful Contempt and Suspending Execution of Sentence," rather than from a judgment. We gave the trial court leave to enter an appealable judgment, and defendant filed an amended notice of appeal.

Defendant objected to the trial court's original order on the ground that it provided that each of the contempt sentences be served consecutively to the other, an obvious impossibility. However, we do not need to address that issue, because the trial court corrected that error in its judgment.

[3] The judgment provides, in part,

"that with regards to the violation of restraining order (wilful contempt) that occurred on February 9, 1988, the Court will impose a six (6) month sentence with execution suspended and place defendant on formal probation * * *, the conditions of probation being as follows:

"* * * * *

"Any sentence imposed and served for this contempt is to be served consecutively to any sentence imposed and served in the revocation proceeding held this same

tion for the two sentences were identical, except that no court-appointed attorney fees were assessed against defendant for the February 16 contempt. The trial court explained its sentence to defendant:

> "I've revoked your probation on the original matter and placed you on probation on two new matters. My intention is that you do six months in jail, flat time, right now for the violation and if you have any contact with her whatsoever after this, there is going to be a new alleged violation of contempt and you are going to do a year in jail with no leave or release[.]"

Defendant contends that the sentence imposed by the trial court would require the February 16 sentence to run consecutively to an as yet unexecuted sentence, a result prohibited by a line of cases beginning with *State v. DeChenne,* 39 Or App 901, 594 P2d 831 (1979). The state responds that the *DeChenne* rationale does not apply under the facts of this case and that the trial court's intended sentence may be given effect without remanding the case for resentencing.

In *DeChenne,* a court sentenced the defendant to five years' incarceration, suspended execution of the sentence and placed him on probation. Later, a different court sentenced the defendant to eight years' incarceration, to be served consecutively to the previously imposed sentence. We noted that the eight-year sentence was imposed, and therefore commenced, before the five-year sentence was executed. Reasoning that a consecutive sentence cannot begin before the sentence that it is intended to follow ends, we held that the second court could not "impose a sentence to run consecutive[ly] to a sentence which [had], at that time, not been executed." 39 Or App at 903.

For two reasons, *DeChenne* is not dispositive of this

___

day.

"[R]egarding the contempt that occurred on February 16, 1988, defendant is sentenced to serve six (6) months in the Washington County Jail, with execution of that sentence suspended, *such sentence to be served consecutively to the previously-imposed sentence concerning the contempt of February 9, 1988* and the probation revocation that took place May 16, 1988. The same conditions of probation as granted in the previous contempt are imposed herein with the exception of court appointed attorneys fees: No court appointed attorneys fees are awarded against defendant for this contempt." (Emphasis supplied.)

case. First, it preceded the 1987 enactment of ORS 137.123, which provides, in part:

> "(1)   A *sentence imposed* by the court may be made concurrent or consecutive to *any other sentence* which has previously imposed or is simultaneously imposed upon *the same defendant.* The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive sentences.
>
> "(2)   If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, * * * the court may impose a sentence concurrent with or consecutive to the other sentence or sentences." (Emphasis supplied.)

The statute expressly authorizes the simultaneous imposition of consecutive sentences imposed on a defendant.[4] Moreover, the *DeChenne* problem does not arise in this case. Under the trial court's order, defendant cannot violate the terms of his probation on the February 16 contempt without also violating the probation on the February 9 contempt. Because the consecutive sentence for the February 16 contempt cannot commence before execution of the February 9 sentence, the trial court's judgment may be applied as intended.[5]

Affirmed.

---

[4] ORS 137.122, containing nearly identical language, was impliedly repealed by ORS 137.123. *DeAngelo v. Schiedler,* 306 Or 91, 100 n 5, 757 P2d 1355 (1988).

[5] In *State v. Gaither,* 97 Or App 576, 578, 776 P2d 595 (1989), we held that, because probation is not a sentence for purposes of ORS 137.123, a trial court is not authorized to order a sentence to be served consecutively to a probation period. *Gaither* does not apply in this case because, in addition to placing defendant on probation, the trial court imposed two six-month *sentences* and suspended *execution* of each.