## STATE OF OREGON,
*Respondent,*

*v.*

## JEFFREY THOMAS SMITH,
*Appellant.*

(88Cr-0069; CA A47868)

767 P2d 480

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda Peterson, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant pled guilty to burglary in the second degree, ORS 164.215, and was sentenced to a term of five years with an eighteen month minimum, which the trial court ordered "shall run consecutively to the sentence defendant shall serve in the state of Utah" for parole violations. The issue is whether the trial court erred in ordering the consecutive sentence. We affirm.

At the time of sentencing, defendant was in violation of his parole for absconding from Utah, where he had been sentenced in 1979 for burglary and in 1981 for robbery. Oregon filed a "fugitive complaint for a parole absconder." Utah intended to extradite defendant after the Oregon prosecution.

Defendant contends that the consecutive sentence was impermissible under ORS 137.122. He asserts that, at the time of his Oregon sentencing, there was no definite term of imprisonment from which that sentence could run consecutively, because he was on parole in Utah and the Utah parole authorities had not yet ordered any incarceration. He also relies on *State v. Mastrilli,* 62 Or App 464, 465, 661 P2d 124 (1983), and *State v. DeChenne,* 39 Or App 901, 904, 594 P2d 831 (1979), for the proposition that a sentence may not be ordered consecutive to an "as yet unexecuted sentence."

The two cases cited by defendant are not dispositive in this case, because they were issued before the 1985 enactment of ORS 137.122,[1] which provides, in part:

"(1)   A term of imprisonment imposed by the court may be made concurrent or consecutive to any other term of imprisonment which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive terms of imprisonment only in accordance with the provisions of this section. A term of imprisonment shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive terms of imprisonment.

---

[1] ORS 137.123(2), which also authorizes a trial court to impose a consecutive sentence, provides, in part:

"[I]f the defendant previously was sentenced by any other court within the United States to a sentence which the defendant has not yet completed, the court may impose a sentence concurrent with or consecutive to the other sentence or sentences."

"(2)    * * * [I]f the defendant previously was sentenced by any other court within the United States to a term of imprisonment which the defendant has not yet completed, the court may impose a term of imprisonment concurrent with or consecutive to the other sentence or sentences."

The trial court's imposition of the consecutive sentence is consistent with subsections (1) and (2). Defendant had previously been sentenced by the Utah courts to terms of imprisonment which, at the time of the Oregon sentencing, he had not yet completed. Although defendant was on parole and the Utah parole authorities had not yet ordered incarceration for his parole violation, those facts do not support the conclusion that the Utah court had failed to impose a definite term of imprisonment. In *Anderson v. Alexander,* 191 Or 409, 426, 229 P2d 633, 230 P2d 770 (1951), the Supreme Court quoted with approval from *Anderson v. Corall,* 263 US 193, 196, 44 S Ct 43, 68 L Ed 247 (1923):

" 'The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term * * *. While this is an amelioration of punishment, it is in legal effect imprisonment.' "

Defendant was serving his Utah sentence while on parole. The trial court did not err in imposing a consecutive sentence.

Affirmed.