Argued and submitted February 27, affirmed July 24, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JESUS DURAN,
*Appellant.*

(86C-21096, 86C-21153, 88C-22229;
CA A63468 (Control), A63469, A63470)
(Cases Consolidated)

814 P2d 182

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his convictions for failure to appear, ORS 162.205, felony driving while suspended and felony driving while revoked. ORS 811.182. He contends that the trial court erred when it imposed consecutive sentences. We affirm.

While on probation for the offenses, defendant was convicted on two counts of assault. ORS 163.165. On the basis of the assault convictions, the trial court revoked his probation on the convictions imposed here. For failure to appear and driving while suspended, the court imposed an indeterminate sentence with a maximum of five years on each offense.[1] Those sentences are concurrent to each other, but consecutive to the sentences for assault.

■ Defendant first argues that the trial court erred when it failed to make findings required by ORS 137.122(4) and (6). We disagree. ORS 137.123 impliedly repealed ORS 137.122. *DeAngelo v. Schiedler,* 306 Or 91, 99 n 5, 757 P2d 1355 (1988); *State v. Franske,* 92 Or App 353, 354, 758 P2d 418, *rev den* 307 Or 77 (1988).

■ Defendant also argues that, even if ORS 137.122 has been impliedly repealed, the trial court erred, because ORS 137.123(4) requires the same analysis as *former* ORS 137.122(4). *See State v. Racicot,* 106 Or App 557, 809 P2d 726 (1991). ORS 137.123(4) limits the court's discretion to "impose consecutive terms of imprisonment *for separate convictions arising out of a continuous and uninterrupted course of conduct* * * *."* (Emphasis supplied.) Defendant committed the crimes of failure to appear and driving while suspended in 1986. He committed the assaults in 1989. The convictions for failure to appear and for driving while suspended did not arise "out of a continuous and uninterrupted course of conduct" with the convictions for assault. ORS 137.123(4) does not apply. ORS 137.123(2) specifically authorizes consecutive sentences under these circumstances.[2]

---

[1] For felony driving while revoked, the court imposed an indeterminate sentence with a maximum of five years, suspended execution of the sentence and continued defendant on probation. Although defendant appealed his conviction for that offense, he does not challenge any procedure of the trial court regarding it.

[2] In a separate appeal, defendant challenges the trial court's imposition of

Affirmed.

---

consecutive sentences on his convictions for assault. *See State v. Duran (A62587),* 108 Or App 220, 814 P2d 181 (1991).