OPINION
{¶ 1} Defendant-appellant John W. Malcolm, Jr. appeals the January 30, 2003 and January 31, 2003 Judgment Entries of the Licking County Common Pleas Court revoking appellant's probation and sentencing appellant following his plea of no contest to felony fleeing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 19, 1994, in case number 94-CR-00404, appellant was indicted on two counts of passing bad checks. On March 3, 1995, appellant pled guilty to both counts; Count 1, involving a check for $348; Count 2, involving a check for $300. Appellant was sentenced to a determinative sentence of six months on each count to be served consecutively.
 {¶ 3} On March 3, 1995, in case number 95-CR-00065, a bill of information was filed involving two counts of passing bad checks; Count 1, involving a check for $310; Count 2, involving a check for $200. On March 3, 1995, appellant pled guilty to both counts, and the trial court sentenced appellant to six months incarceration, and 30 days jail, respectfully on each count, to be served concurrent with each other, but consecutive to appellant's prior sentence in 94-CR-00404. Appellant was given six days credit.
 {¶ 4} On May 1, 1995, the trial court granted appellant shock probation of five years.
 {¶ 5} On November 10, 1998, the trial court issued a capias for appellant's arrest. On June 12, 2002, appellant was arrested. On July 7, 2002, appellant waived a stage one probation revocation hearing.
 {¶ 6} On August 23, 2002, in case number 02-CR-00399, appellant was indicted pursuant to R.C. 2921.331 on felony fleeing. On October 2, 2002, appellant moved the trial court to dismiss the charge. The trial court denied the motion to dismiss on October 28, 2002. Appellant plead no contest to the felony fleeing charge.
 {¶ 7} On January 30, 2003, in case number 02-CR-00399, Judge Spahr of the Licking County Court of Common Pleas sentenced appellant to two years in prison, to run consecutive to the sentences imposed in cases 94-CR-00404 and 95-CR-00065. On January 31, 2002, Judge Frost of the Licking County Court of Common Pleas revoked appellant's probation and reimposed appellant's sentences previously determined in 94-CR-00404 and 95-CR-00065. In 94-CR-00404, the court reimposed the appellant's original determinate six month sentences on each count, to be served consecutive with each other and with the sentences imposed in cases 95-CR-00065 and 02-CR-00399, based upon a probation violation. In 95-CR-00065, the court reimposed appellant's original determinate six month sentence on the first count, and found appellant had already served the sentence as to the second count, again based upon a probation violation. The court ordered the six month sentence was to run consecutively to the sentences imposed in 94-CR-00404 and 02-CR-00399.
 {¶ 8} It is from these sentences appellant now appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT, IN 02-CR-00399, ERRED AND/OR ABUSED ITS DISCRETION IN ITS SENTENCING.
 {¶ 10} "II. THE INDICTMENT FAILS TO CHARGE AN OFFENSE (02-CR-00399).
 {¶ 11} "III. THE TRIAL COURT'S SENTENCE IS ERRONEOUS AS A MATTER OF LAW (02-CR-00399).
 {¶ 12} "IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FILED OCTOBER 2, 2002 (94-CR-00404 05-CR-00065).
 {¶ 13} "V. THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION IN VIOLATION OF APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS, AND THE RIGHT TO PROHIBITING DOUBLE JEOPARDY (94-CR-00404 
05-CR-00065).
 {¶ 14} "VI. THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION BECAUSE APPELLANT WAS NOT NOTIFIED OF A SPECIFIC PRISON TERM THAT COULD BE IMPOSED UPON A COMMUNITY CONTROL VIOLATION (94-CR-00404 05-CR-00065).
 {¶ 15} "VII. THE TRIAL COURTS, IN IMPOSING CONSECUTIVE SENTENCES, IMPOSED NO SENTENCE (02-CR-00300; 94-CR-00404; AND 05-CR-00065); SUCH SENTENCES CONSTITUTE A NULLITY."
 I, III, VII {¶ 16} Appellants first, third and seventh assignments of error raise common and interrelated issues, and therefore, we will address the assignments together.
 {¶ 17} Appellant maintains the trial court erred and/or abused its discretion in sentencing appellant. Specifically, appellant challenges the trial court's imposing the sentence in 02-CR-00399 consecutive to the sentences yet to be announced in 94-CR-00404 and 95-CR-00065. Appellant notes, at the time of sentencing on the felony fleeing charge, the trial court had neither revoked appellant's probation or sentenced appellant on the previous cases. Appellant argues the trial court could not have known at the time it sentenced appellant on felony fleeing, if probation would be revoked, nor what sentences would be imposed in the prior cases, if any.
 {¶ 18} Appellant relies upon State v. Watson (1992),76 Ohio App.3d 258, asserting a court cannot sentence a defendant to a term which will run consecutive to a sentence which will be imposed at some future time. The Twelfth District held, "A trial court may not enter a sentence to be served consecutively with sentences that are to be imposed in futuro. State v. White (1985), 18 Ohio St.3d 340, 18 OBR 381,481 N.E.2d 596."
 {¶ 19} In State v. White, supra, the Ohio Supreme Court stated:
 {¶ 20} "Appellant also raises the issue on appeal that the judgment of the Delaware County trial court exceeded its jurisdiction in that it required sentences imposed by the Delaware County court to be served consecutively with sentences in the Clermont County court, which had not yet been imposed. Appellant asserts that a trial court may only order a sentence consecutive to other sentences already imposed in other counties***
 {¶ 21} "***this court is persuaded that the grant of discretion to a trial court concerning the imposition of a consecutive sentence is based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, even if by another court, and is not a sentence in futuro.
 {¶ 22} "*** When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences pursuant to the provisions of the Revised Code. The second trial judge must have discretion pursuant to R.C. 2929.41(A) and (B) to fashion the sentence to be imposed as a result of the conviction in his trial court. The sentences imposed by the Delaware County court in this case have taken away the statutory discretion granted the judge in the Clermont County court. It appears, therefore, that the Delaware County court has exceeded the authority granted it by the General Assembly by ordering its sentence to run consecutively with a sentence that had not yet been imposed by the Clermont County court."
 {¶ 23} In the case sub judice, Judge Spahr sentenced appellant regarding the felony fleeing charge, and ran the sentence consecutive to the sentences imposed in 94-CR-00404 and 95-CR-00065, which were addressed one day following Judge Spahr's ruling.
 {¶ 24} Appellant's probation violation hearing and the criminal charge of felony fleeing are separate and distinct matters. The probation violation finding is not a second penalty for a new offense, but rather involves reimposition of the original sentence. As appellant had previously been sentenced in both 94-CR-00404 and 95-CR-00065, the sentences were not in futuro but rather sentences now being reimposed due to the revocation of appellant's probation. Accordingly, we find appellant's reliance on Watson and White unpersuasive.
 {¶ 25} Appellant next maintains the trial court's sentence in 02-CR-00399 is erroneous as a matter of law. Specifically, appellant argues the court's statements at sentencing and the findings in the court's subsequent judgment entry are different; therefore, erroneous. Appellant further contends the trial court failed to state the required findings necessary for the imposition of consecutive sentences.
 {¶ 26} In State v. Comer (2003), 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court addressed both issues:
 {¶ 27} "A court may not impose consecutive sentences for multiple offenses unless it "finds" three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c).
 {¶ 28} "The criteria to be considered by a sentencing court before imposing consecutive prison terms are listed in R.C. 2929.14.***
 {¶ 29} "Turning now to the statutes at issue, we hold that R.C.2929.19 clearly prescribes what a trial judge must do and say at a felony sentencing hearing. The statute specifies what can be considered at a hearing and what a trial court must do before sentencing the defendant. Moreover, it is at the sentencing hearing that the court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed" for consecutive sentences under R.C. 2929.14. R.C.2929.19(B)(2) and (B)(2)(c). We find the intent of the statute to be clear. Thus, we hold that pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 30} In sentencing appellant to consecutive service following his plea of no contest to the felony fleeing charge, the trial court stated at the sentencing hearing:
 {¶ 31} "It is my understanding that there are revocation hearings scheduled before Judge Frost. The Court would order that this sentence shall run consecutive with Licking County Case Numbers 94 CR 404 and 95 CR 65, the Court specifically finding that consecutive sentences are necessary to protect the public and adequately punish the defendant, and that such consecutive sentences are not disproportionate. Further, the trial court found the criminal history of the defendant is such that consecutive sentences are necessary, noting " — incorporating by reference the facts of the case indicating that the defendant was on community control at the time of this offense and was a absconder." Sentencing Hearing at 1-13.
 {¶ 32} Upon review of the record and R.C. 2929.14, we find the trial court properly announced the findings required for the imposition of consecutive sentences and its reasons therefore, and said sentences are not erroneous as a matter of law.
 {¶ 33} Appellant subsequently argues the trial court's imposition of consecutive sentences in 94-CR-00404, 95-CR-00065 and 02-CR-00399, impose no sentence and such sentences constitute a nullity. Appellant maintains the sentences indicate an unduly harsh attitude towards appellant, constitute cruel and unusual punishment and/or an abuse of discretion. For the reasons stated above, we disagree.
 {¶ 34} For the foregoing reasons, we overrule appellant's first, third and seventh assignments of error.
 II {¶ 35} In the second assignment of error, appellant argues the indictment charging appellant with felony fleeing fails to state an offense.
 {¶ 36} It is undisputed the indictment at issue charged appellant with violation of R.C. 2921.331(B)(C)(5)(a)(ii). The statute provides:
 {¶ 37} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."
 {¶ 38} Appellant correctly notes 2921.33.1(A) is not a strict liability offense, and recklessness must be alleged and proved. State v.Brewer, 96 Ohio App.3d 413, 645 N.E.2d 120. However, appellant is charged as violating section (B), and the recklessness requirement is not at issue. Section (B) contains a mens rea requirement of willfully. Ohio statutory law requires:
 {¶ 39} "In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged." R.C. 2941.05
 {¶ 40} Upon review of the indictment, we conclude it properly charges appellant with a violation of the statute.
 {¶ 41} For the foregoing reason, appellant's second assignment of error is overruled.
 IV {¶ 42} In the fourth assignment of error, appellant contends the trial court erred in denying appellant's October 2, 2002 motion to dismiss appellee's motion to revoke probation with regard to 94-CR-00404 and 95-CR-00065.
 {¶ 43} The trial court granted judicial release on May 1, 1995, placing appellant on five years probation. On or about November 10, 1998, an application for the issuance of a capias was filed, and a warrant/capias was issued. On June 21, 2002, a motion to revoke probation was filed.
 {¶ 44} Appellant contends the motion to revoke probation was filed after appellant's probationary period ended on May 1, 2000. Appellant argues the trial court lost jurisdiction on May 1, 2000. Further, appellant maintains a judgment entry was not filed between May 1, 1995 and May 1, 2000, declaring appellant an absconder resulting in the trial court losing jurisdiction over appellant. We disagree and find appellant's arguments misplaced.
 {¶ 45} Pursuant to R.C. 2951.09, the jurisdiction of the trial court to impose a sentence ceases at the end or termination of a period of probation. Accord, State v. Jackson (1995), 106 Ohio App.3d 345,666 N.E.2d 255; Lakewood v. Davies (1987), 35 Ohio App.3d 107,519 N.E.2d 860. However, the trial court may retain jurisdiction if the probation period is extended, see, R.C. 2951.09, or if the probation period is tolled. See, R.C. 2951.07.
 {¶ 46} R.C. Section 2951.07 states:
 {¶ 47} "If the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action."
 {¶ 48} This Court has held the issuance of a capias itself is sufficient to toll the probation period. See, State v. Morrow (May 22, 1998), Morrow App. No. CA-850; State v. Davis (Aug. 22, 1999), Stark App. No. 1999CA00048. Therefore, as the capias was issued on November 10, 1998, the appellant's probationary period began tolling on said date, and did not recommence until his arrest on June 12, 2002.
 {¶ 49} Appellant's fourth assignment of error is overruled.
 V {¶ 50} Appellant's fifth assignment of error maintains the trial court erred in revoking appellant's probation in violation of appellant's due process and equal protection rights and the right prohibiting double jeopardy. Appellant argues the trial court revoked appellant's probation granted in 94-CR-00404 and 95-CR-00065 for the same conduct constituting a guilty finding in 02-CR-00399.
 {¶ 51} As we noted in our analysis of appellant's first, third and seventh assignments, appellant's probation violation hearing and the criminal charge of felony fleeing are distinct hearings. The probation violation finding is not a second penalty for a new offense, but rather the original sentence being now reimposed. Appellant is not being punished twice for the same offense. Appellant's arguments regarding due process, equal protection and double jeopardy are misplaced.
 {¶ 52} Appellant's fifth assignment of error is overruled.
 VI {¶ 53} In the sixth assignment of error, appellant maintains the trial court erred in revoking appellant's probation because appellant was not notified of a specific prison term that could be imposed upon a community control violation in 94-CR-00404 and 95-CR-00065. Such notification is now required under Senate Bill 2.
 {¶ 54} It is undisputed appellant was sentenced in both 94-CR00404 and 95-CR-00065 prior to the enactment of Senate Bill 2. Senate Bill 2 is not retroactive. Therefore, we overrule appellant's assignment of error.
 {¶ 55} Based upon the above analysis, the January 30, 2003 and January 31, 2003 Judgment Entries of the Licking County Court of Common Pleas are affirmed.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur.