2007 UT App 68

**STATE of Utah, Plaintiff and Appellee,**

v.

**David Scott ANDERSON, Defendant and Appellant.**

**No. 20041095–CA.**

Court of Appeals of Utah.

March 1, 2007.

Debra M. Nelson and C. Bevan Corry, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Matthew D. Bates, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Defendant David Scott Anderson appeals the district court's order imposing Defendant's suspended theft sentence to run consecutive to his aggravated robbery sentences. We affirm.

## BACKGROUND

¶ 2 On December 4, 2003, Defendant pleaded guilty to theft, in violation of Utah Code section 76–6–404, see Utah Code Ann. § 76–6–404 (2003), and Judge Frank G. Noel sentenced Defendant to an indeterminate prison term not to exceed five years. Judge Noel suspended the sentence and placed Defendant on probation for eighteen months under the supervision of Adult Probation and Parole. On August 16, 2004, Defendant pleaded guilty to two counts of aggravated rob-

bery, in violation of Utah Code section 76–6–302, *see* Utah Code Ann. § 76–6–302 (2003), and Judge Judith S. Atherton sentenced Defendant to two concurrent indeterminate terms of at least six years imprisonment.

¶ 3 Adult Probation and Parole filed an affidavit with Judge Robin W. Reese, who had replaced Judge Noel as the judge overseeing Defendant's probation on the 2003 theft charge. The affidavit stated that Defendant violated the conditions of his probation by having been charged with the offense of aggravated robbery. On December 6, 2004, Judge Reese held a hearing to show cause, revoked Defendant's probation, and imposed the original sentence of zero to five years. Judge Reese ordered the theft sentence to run consecutively to Defendant's aggravated robbery sentences. Defendant appeals from Judge Reese's order.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶ 4 In his appeal, Defendant claims that Judge Reese lacked authority under Utah Code section 76–3–401 to order his theft sentence to run consecutively to his aggravated robbery sentences.[1] *See* Utah Code Ann. § 76–3–401 (2003). This question is one of statutory interpretation, which we review for correctness. *See State v. Barrett*, 2005 UT 88, ¶ 14, 127 P.3d 682.

## ANALYSIS

¶ 5 Defendant claims that Judge Atherton—not Judge Reese—had the authority under Utah Code section 76–3–401(1)(b) to determine whether Defendant's aggravated robbery sentences would run concurrently or consecutively with his suspended theft sentence. Defendant asserts that Judge Atherton had the authority to determine the concurrent/consecutive issue because at the time she sentenced Defendant on his aggravated robbery convictions, he was deemed to be "already serving" his theft sentence due to

his probationary status. Utah Code Ann. § 76–3–401(1)(b). Judge Atherton imposed Defendant's aggravated robbery sentences concurrent to one another, and Defendant argues that because Judge Atherton imposed concurrent sentences that all other sentences should run concurrently to the aggravated robbery sentences.

### I. Interpretation of Utah Code section 76–3–401(1)(b)

■■ ¶ 6 Utah Code section 76–3–401(1) establishes the circumstances in which a court is required to make a determination pertaining to the imposition of concurrent or consecutive felony sentences. *See id.* § 76–3–401(1). A court must determine, when a defendant has been adjudged guilty of multiple felony offenses, "(a) if the sentences imposed are to run concurrently or consecutively to each other; and (b) if the sentences before the court are to run concurrently or consecutively with any other sentence the defendant is *already serving.*" *Id.* (emphasis added). Pursuant to section (1)(b), a court must run the sentences before it concurrently or consecutively to another sentence if the defendant is actually serving another sentence. *See id.* § 76–3–401(1)(b). Therefore, we must determine when a defendant is deemed to be "already serving" a sentence for purposes of applying section 76–3–401(1)(b). Defendant asserts that at the time of his aggravated robbery sentencing he was already serving a sentence on his theft conviction because Judge Noel had already sentenced him and he was fulfilling his probationary term accordingly. In contrast, the State asserts that at the time of Defendant's aggravated robbery sentencing Defendant was not already serving his theft sentence because the sentence had been suspended and Defendant was not serving any of the prison term.

1. Defendant also asserts that Judge Reese's order increased his sentence, and therefore, violates the constitutional and statutory protections against double jeopardy. *See* U.S. Const. amend V; Utah Const. art. I, § 12; Utah Code Ann. § 77–1–6(2)(a) (2003). Defendant raises this claim for the first time on appeal. " '[W]e will review issues raised for the first time on appeal only if exceptional circumstances or "plain error" exists.' " *Timm v. Dewsnup*, 2003 UT 47, ¶ 39, 86 P.3d 699 (quoting *Salt Lake City v. Ohms*, 881 P.2d 844, 847 (Utah 1994)). Defendant does not argue that plain error occurred or exceptional circumstances exist. Therefore, we decline to address Defendant's double jeopardy claim.

¶ 7 Interpreting the language "any other sentences the defendant is already serving" to exclude, as the State asserts, time spent while on probation is consistent with the legislature's use of the verb "served" throughout the statute. *Id.* In the balance of the statute served means incarcerated. *See id.* § 76–3–401. "In reading the language of an act, . . . we seek to render all parts [of the statute] relevant and meaningful, and we therefore 'presume the legislature use[d] each term advisedly and . . . according to its ordinary meaning.'" *State v. Tooele County,* 2002 UT 8, ¶ 10, 44 P.3d 680 (additional quotations and citation omitted) (alterations and second omission in original) (quoting *Nelson v. Salt Lake County,* 905 P.2d 872, 875 (Utah 1995)).

¶ 8 Throughout section 76–3–401, the legislature consistently uses the word served to mean incarcerated. *See* Utah Code Ann. § 76–3–401. This is demonstrated in several subsections of the statute. *See id.* § 76–3–401(8) ("[D]etermining the effect of consecutive sentences and the manner in which they *shall be served,* the Board of Pardons and Parole shall treat the defendant as though he has been committed for a single term that consists of the aggregate of the validly imposed prison terms." (emphasis added)); *see id.* § 76–3–401(9) ("When . . . sentences are imposed to run concurrently with the other or with a sentence *presently being served,* the term that provides the longer remaining *imprisonment* [2] *constitutes the time to be served.*" (emphasis added)); *see id.* § 76–3–401(10) ("This section may not be construed to restrict the number or length of individual consecutive sentences that may be imposed or to affect the validity of any sentence so imposed, but only to limit the length of sentences *actually served under the commitments.*" (emphasis added)).

¶ 9 Interpreting the language "any other sentences the defendant is already serving" to include, as Defendant asserts, instances where a defendant has already been sentenced, albeit suspended, would render the statute internally inconsistent. If the legislature had intended subsection (1)(b) to apply to suspended sentences, it would have substituted "already serving," *id.* § 76–3–401(1)(b), with "has already been sentenced," *id.* § 76–3–401(7)(c), as expressly stated in subsection (7)(c). In interpreting a statute, "the expression of one [term] should be interpreted as the exclusion of another [and that] . . . omissions in statutory language should 'be taken note of and given effect.'" *Biddle v. Washington Terrace City,* 1999 UT 110, ¶ 14, 993 P.2d 875 (citation omitted) (quoting *Kennecott Copper Corp. v. Anderson,* 30 Utah 2d 102, 514 P.2d 217, 219 (1973)).

¶ 10 In subsection (7)(c), the legislature expressed its intention to apply the aggregate maximum sentence limitation of subsection (6)(a) to defendants who have "already been sentenced." Utah Code Ann. § 76–3–401(7)(c). Likewise, if the legislature had intended to allow a court to apply section (1)(b) to suspended sentences it would have used the same language articulated in subsection (7)(c) "has already been sentenced." [3] *Id.* The legislature's use of the language "has already been sentenced" in subsection (7)(c), should be taken note of and its omission in subsection (1)(b) should be interpreted as purposeful. *Id.*

¶ 11 Reading the statute as a whole, we conclude that section 76–3–401(1)(b) does not authorize a court to order a sentence concurrent or consecutive to another sentence that has not yet been both imposed and executed. *See Thomas v. Color Country Mgmt.,* 2004 UT 12, ¶ 9, 84 P.3d 1201 (stating that statutes should be read as a whole, and their terms construed consistently). When Judge Atherton sentenced Defendant on his aggravated robbery convictions, Defendant's theft sentence had been suspended. Since the theft sentence was suspended and the execution of Defendant's theft sentence was

---

2. Imprisoned is defined to mean *"sentenced and committed to a secure facility,* . . . the sentence has not been terminated or voided, and the person is not on parole, regardless of where the person is located."* Utah Code Ann. § 76–3–401(12) (emphasis added).

3. A defendant fulfilling a term of probation has already been sentenced, but is not serving a sentence because the underlying sentence has been suspended.

stayed, Defendant should not be deemed to be already serving the theft sentence. *See id.* Judge Atherton did not,[4] and could not, order Defendant's aggravated robbery sentences to run concurrently or consecutively to his already suspended theft sentence. Rather, she correctly ordered that they be served concurrent as to each other, without referencing other sentences not yet being served.

## II. Sufficiently Definite Event for Commencement

### of the Consecutive Sentence

■ ¶ 12 Interpreting the statute as authorizing a court to impose a concurrent or consecutive sentence to a suspended sentence would create potential implementation problems. In the instant case, when Judge Atherton sought to impose the aggravated robbery sentences there was no sufficiently definite event for commencement of a consecutive order because it was not clear when or if the suspended theft sentence would be executed. However, any uncertainty or implementation problems are resolved when the concurrent/consecutive determination is reserved for the court seeking to execute the suspended sentence.

4. The dissent states that the record before us does not reveal whether Judge Atherton was even aware of the theft sentence. However, the record reveals that Judge Atherton ordered a presentence investigation report, which typically includes a section on the defendant's criminal history. The presentence investigation report was received prior to sentencing. Thus, it is likely Judge Atherton had knowledge of the theft sentence.

5. *State v. DeChenne,* 39 Or.App. 901, 594 P.2d 831 (1979), was superseded by Oregon Revised Statutes section 137.122 as recognized in *State v. Smith,* 95 Or.App. 76, 767 P.2d 480 (1989). However, section 137.123 impliedly repealed section 137.122. *See State v. Duran,* 108 Or.App. 282, 814 P.2d 182 (1991).

6. Although we agree with the *DeChenne* court's reasoning, we do not agree with the remedy imposed. *See DeChenne,* 39 Or.App. 901, 594 P.2d 831. The *DeChenne* court reversed the county court's order imposing its sentence to run consecutively to a suspended sentence and remanded for resentencing. *See id.* On remand, the *DeChenne* court instructed the county court that it "may impose a sentence to run concurrent[ly] with or consecutive[ly] to the executed

¶ 13 This approach is consistent with decisions from other jurisdictions faced with similar sentencing issues. The Oregon Court of Appeals in *State v. DeChenne,* 39 Or.App. 901, 594 P.2d 831 (1979), reversed a sentencing order that directed a sentence to run consecutively to a suspended sentence.[5] *See id.* at 832. *See also State v. White,* 18 Ohio St.3d 340, 481 N.E.2d 596 (1985) (reversing a sentencing order that directed a sentence to run consecutively to a sentence that had not yet been imposed). *But see State v. Malcolm,* 2003 Ohio 5629, ¶¶ 17–24 (Ct.App.) (treating a suspended sentence as being a sentence previously imposed and subsequently affirming a trial court order imposing a sentence consecutive to another sentence yet to be reimposed). The *DeChenne* court reasoned that "[t]he principal requirement in imposing a consecutive sentence is that there be a sufficiently definite event for commencement of the consecutive sentence in order that the Corrections Division may implement that sentence."[6] *Id.*

¶ 14 Conversely, the circumstances presented to Judge Reese required him to make the concurrent/consecutive determination at the probation revocation hearing in which he sought to impose and execute the previously suspended sentence.[7] Defendant, while on

... sentence." *Id.* at 903, 594 P.2d 831. We believe that, under Utah's sentencing statutes, this approach would be error. The court executing the previously suspended sentence was the only court with authority to make the concurrent/consecutive determination. Therefore, a remand to the county court was inappropriate.

7. In *Salt Lake City v. Jaramillo,* 2007 UT App 32, we held that "the determination of whether two simultaneously imposed sentences are to be served concurrently or consecutively is to be made at the time of sentencing, and may not be made for the first time upon the revocation of probation." *Id.* at ¶ 16. However, the instant case is distinguishable. First, the trial court in *Jaramillo* failed to specify concurrent or consecutive terms for the two misdemeanor convictions before the trial court at the initial sentencing. Conversely, in the present case neither Judge Noel nor Judge Atherton failed to expressly specify concurrent or consecutive terms; rather, it was not possible for either judge to make the determination at the time of initial sentencing because in both instances Defendant was not yet serving another sentence. Second, felony sentencing issues that involve circumstances similar to those in *Jaramillo,* where sentences are to be

probation, incurred intervening convictions of aggravated robbery. And, at the time of the probation revocation hearing, Defendant was serving his aggravated robbery sentences at the Utah State Prison. Thus, in executing the previously imposed sentence, Judge Reese was required by section 76–3–401(1)(b) to determine the manner in which the theft sentence was to be served relative to the aggravated robbery sentences.[8] As such, Judge Reese did not err in determining whether the sentences were to run concurrently or consecutively to one another.

## CONCLUSION

¶ 15 Section 76–3–401(1)(b) requires a court to decide whether the sentence for any felony offense(s) should be served concurrently or consecutively to another sentence being served at the time of the sentencing. *See* Utah Code Ann. § 76–3–401(1)(b). Because the statute, under subsection (1)(b), requires such a determination *only* when a defendant is "already serving" another sentence, it does not authorize a court to order a sentence concurrent or consecutive to a suspended sentence. *Id.* Moreover, an interpretation of the language "any other sentences the defendant is already serving" to include time spent while on probation is inconsistent with the legislature's use of the verb "served" throughout the statute to mean incarcerated. *Id.* We apply the statute in accordance with the previously articulated statutory interpretation, and hold that Judge Reese—not Judge Atherton—had the authority to determine whether the theft sentence and the aggravated robbery sentences were to be imposed concurrently or consecutively to one another.

¶ 16 Defendant's theft sentence, although previously imposed, had been suspended prior to his sentencing hearing on his aggravated robbery convictions. As a result, Defendant was not already serving a sentence at the time of his sentencing hearing before Judge Atherton. Therefore, Judge Atherton did not have the authority to address, nor did she address, the issue of whether the aggravated robbery charges were to run concurrently or consecutively to Defendant's suspended theft sentence. On the other hand, Defendant was serving his aggravated robbery sentences at the time Judge Reese sought to execute Defendant's suspended theft sentence. Consequently, Judge Reese was required to determine whether Defendant's suspended theft sentence would run concurrently or consecutively to his aggravated robbery sentences. Accordingly, we affirm Judge Reese's order indicating that Defendant's theft sentence is to run consecutively with his aggravated robbery sentences.

¶ 17 I CONCUR: CAROLYN B. McHUGH, Judge.

DAVIS, Judge (dissenting):

¶ 18 In my view, Judge Reese lacked authority to order Defendant's sentences to run consecutively. Rather, Judge Reese could only execute the suspended prison sentence originally imposed for Defendant's theft conviction. Under the probation statute, *see* Utah Code Ann. § 77–18–1 (Supp.2006), the court imposing probation, in this case Judges Noel and Reese, has continuing jurisdiction

---

imposed for two or more charges at the same hearing, are governed by Utah Code section 76–3–401(1)(a). *See* Utah Code Ann. § 76–3–401(1)(a) (requiring sentencing judge to consider "sentences imposed" relative to "each other"). The sentencing issue in the current case, where sentences are imposed in different cases by different judges at different times, is governed by section 76–3–401(1)(b). Therefore, pursuant to section 76–3–401(1)(b), Judge Reese while executing the suspended theft sentence properly made the concurrent/consecutive determination pertaining to the aggravated robbery sentence that Defendant was currently serving. *See id.* § 76–3–401(1)(b) (requiring sentencing judge to consider sentences the defendant is "already serving").

8. Defendant also asserts that even if Judge Reese had the authority to make the concurrent/consecutive determination, the record fails to demonstrate that the appropriate procedure was followed. Defendant raises this claim for the first time on appeal, and does not argue that plain error occurred or exceptional circumstances exist. " '[W]e will review issues raised for the first time on appeal only if exceptional circumstances or 'plain error' exists.' " *Timm*, 2003 UT 47 at ¶ 39, 86 P.3d 699 (quoting *Ohms*, 881 P.2d at 847). Therefore, we do not address this issue.

over a defendant while on probation. *See id.* § 77–18–1(2)(b)(iii). However, once the defendant's probation is revoked, such court is limited to executing the sentence previously imposed. *See id.* § 77–18–1(12)(e)(iii) ("If probation is revoked, ... the sentence previously imposed shall be executed."). As such, once Judge Reese revoked Defendant's probation, the statute granted him authority only to execute Defendant's previously imposed theft sentence.

¶ 19 Our recent decision in *Salt Lake City v. Jaramillo,* 2007 UT App 32, held that "once a defendant is sentenced and placed on probation, revocation of probation can result only in 'the sentence previously imposed [being] executed.'" *Id.* at ¶ 12 (alteration in original) (quoting Utah Code Ann. § 77–18–1(12)(e)(iii)). We then held that "the determination of whether two simultaneously imposed sentences are to be served concurrently or consecutively is to be made at the time of sentencing, and may not be made for the first time upon the revocation of probation." *Id.* at ¶ 16. While *Jaramillo* involved two misdemeanor convictions, the holding is in accordance with section 77–18–1(12)(e)(iii) and is equally applicable to this case.[1] Thus, I believe Judge Reese exceeded his authority when he imposed a sentence consecutive to a sentence for crimes that had not been committed when Defendant was originally sentenced, rather than executing Defendant's previously imposed theft sentence.

¶ 20 Secondly, I disagree with the logic of the majority opinion respecting the effect of the authority of the trial judges in this case as well as the analysis of the scope of that authority.

¶ 21 In a nutshell, the majority reasons that if Judge Atherton could not have imposed the robbery sentences concurrently or consecutively to the theft sentence, it follows that Judge Reese must have possessed that authority, notwithstanding the provisions of section 77–18–1(12)(e)(iii). *See* Utah Code Ann. § 77–18–1(12)(e)(iii). To reach this conclusion, it became necessary for the majority to find a way to rule that the theft sentence could not have been considered when imposing the subsequent aggravated robbery sentences. At this point, it is important to note that the record before us reveals only that Judge Atherton sentenced Anderson to two terms in the Utah state prison, those sentences to run concurrently with one another. The record does not reveal whether Judge Atherton was even aware of the theft sentence, let alone whether she took the same into consideration one way or another.[2] Judge Atherton's case, in particular the propriety of her sentences, is not before us.

¶ 22 Next, in order to relieve Judge Atherton of authority to consider the theft sentence, the majority opines that the theft sentence is not cognizable under section 76–3–401 of the Utah Code because the phrase "any other sentence the defendant is already serving," Utah Code Ann. § 76–3–401(1)(b) (2003), means a sentence served in jail or prison. In my view, probation is a sentence within the meaning of section 76–3–401(1)(b), and is still a sentence being served even

---

1. While the circumstances in *Salt Lake City v. Jaramillo,* 2007 UT App 32, vary from the instant case, our holding in *Jaramillo* is also applicable here because it relied on section 76–3–401 of the Utah Code, *see* Utah Code Ann. § 76–3–401 (2003), in order to promote consistency in sentencing. The majority attempts to distinguish *Jaramillo* by relying on the assertion, unsupported by the record, that Judge Atherton could not consider section 76–3–401; and then argues that a different subsection of 76–3–401 applied to that case. According to the majority, section 76–3–401(1)(a) governs situations—as in *Jaramillo*—"where sentences are to be imposed for two or more charges at the same hearing," and section 76–3–401(1)(b) governs situations—as in the instant matter—"where sentences are imposed in different cases by different judges at different times." Those subsections have nothing to do

with the substance of the statute, which is that "[a] court shall determine, if a defendant has been adjudged guilty of more than one felony offense, whether to impose concurrent or consecutive sentences for the offenses." Utah Code Ann. § 76–3–401(1). Rather, subsections (a) and (b) are merely descriptive of the circumstances under which the statute may be implicated and do not serve to distinguish *Jaramillo* one way or another.

2. The majority underscores the problem with opining on the propriety of Judge Atherton's actions by speculating, with no record support whatsoever, about what a presentence investigation report "typically" includes, and further speculating that it was "likely" that Judge Atherton had knowledge of Defendant's theft sentence.

though that service may occur outside of jail or prison. Probation is defined in the Utah Code as "an act of grace by the court suspending the imposition or execution of a convicted offender's sentence upon prescribed conditions." *Id.* § 77–27–1(10) (2003). Under the Utah Criminal Code, a court may sentence an offender to, among other things, imprisonment, probation, or both. *See* Utah Code Ann. § 76–3–201(2) (Supp.2006) (stating "a court may sentence a person convicted of an offense to any one of the following sentences or combination of them: . . . (c) to probation unless otherwise specifically provided by law . . . [or] (d) to imprisonment"). Similarly, federal law also treats probation as a sentence. *See* 18 U.S.C. § 3561 (2000) ("A defendant who has been found guilty of an offense may be *sentenced* to a term of probation . . . ." (emphasis added)); *see also United States v. Granderson,* 511 U.S. 39, 43 n. 3, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (discussing the Sentencing Reform Act of 1984, which "classified probation as a sentence"); *United States v. Mueller,* 463 F.3d 887, 889 (9th Cir.2006) (stating "instead of representing the suspension of the execution of a sentence, probation constitutes a type of sentence in and of itself").

¶ 23 Moreover, probation is commonly understood to be a sentence, *see Black's Law Dictionary* 1220 (7th ed.1999) (defining probation as a "court-imposed criminal sentence"), or the equivalent of a sentence, *cf. Smith v. Cook,* 803 P.2d 788, 793 (Utah 1990) ("[I]t is unnecessary to determine whether a person who has been placed on probation incurs the punishment set out in the sentence prior to the time probation is revoked, because it is clear that simply by being placed on probation, punishment is incurred."). Additionally, in several contexts, a sentence of probation is handled consistently with a sentence of incarceration. *See, e.g.,* Utah R.Crim. P. 27(a)(2) (stating that "[a] sentence of fine, imprisonment, or probation shall be stayed if an appeal is taken"). Since probation is a sentence that Defendant is already serving, Judge Atherton could have considered the theft conviction when sentencing Defendant for his aggravated robbery convictions. While I believe that Judge Atherton had the authority to rely on the theft convic-

tion when determining whether the aggravated robbery sentences should run concurrently or consecutively to the theft sentence, it is inappropriate for us to opine in this case that Judge Atherton "correctly ordered" Defendant's aggravated robbery sentences to run concurrently to one another "without referencing" his theft sentence.

¶ 24 The majority's definition of "already serving" may often lead to illogical results. For example, under the majority's view, a sentence that includes jail time as a condition of probation would implicate section 76–3–401(1)(b), but a sentence of probation with other conditions would not. It makes no sense that the almost infinite variations of probation would not implicate section 76–3–401(1)(b), while a sentence for the same crime that does include some form of incarceration would implicate the statute. Thus, under the majority approach, it is difficult to know under just what circumstances section 76–3–401(1)(b) would be implicated: A sentence that includes community service? A sentence of confinement with work release? A sentence of confinement to jail and not the Utah state prison? Furthermore, the majority misapplies one of our canons of statutory interpretation when it claims that "[i]n the balance of the statute 'served' means incarcerated." (quoting Utah Code Ann. § 76–3–401(1)(b)). I agree that when "reading the language of an act, . . . we seek to render all parts [of the statute] relevant and meaningful, and we therefore presume the legislature use[d] each term advisedly and . . . according to its ordinary meaning." *State v. Bradshaw,* 2004 UT App 298, ¶ 9, 99 P.3d 359 (alterations and second omission in original) (quotations and citation omitted), *rev'd on other grounds,* 2006 UT 87, 152 P.3d 288. However, it does not follow that the term "serving" ordinarily means incarcerated. If the legislature intended section 76–3–401(1)(b) to apply only if a defendant was already imprisoned, it could have easily stated as much.

¶ 25 Finally, in a further effort to support its theory of the case, the majority, showing commendable concern for its perceived plight of the trial courts, speculates about "potential implementation problems" created by inter-

preting section 76–3–401(1)(b) "to authorize a court to impose a concurrent or consecutive sentence to a suspended sentence." However, nothing in the record refers to any difficulty which may be encountered when determining how much time a defendant should serve. For example, the Board of Pardons has the authority to determine when felons can be released and does not need guidance from this court. *See* Utah Code Ann. § 77–27–5(1) (Supp.2006) ("The Board of Pardons and Parole shall determine by majority decision when and under what conditions ... persons committed to serve sentences in class A misdemeanor cases ... and all felony cases ... may be released upon parole....").

¶ 26 In sum, I believe that Judge Reese had no authority to order Defendant's theft sentence to run consecutively to the sentences for Defendant's subsequent aggravated robbery convictions. Defendant's probation constituted a sentence, which would have allowed Judge Atherton to consider his theft conviction when determining whether Defendant's aggravated robbery sentences should run concurrently or consecutively to the theft conviction. Finally, I do not adhere to the majority's gratuitous discussion of the propriety of Judge Atherton's actions and its unnecessary discussion of "potential implementation problems."