[Cite as *State v. Strohl*, 2018-Ohio-4266.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18CA001 |
| | : | |
| CALEB K. STROHL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Holmes County
                                  Municipal Court, Case No. 10-CRB-346


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:           October 18, 2018


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

MATTHEW MUZIC                              JEFFREY KELLOGG
164 E. Jackson St.                         5 South Washington St.
Millersburg, OH 44654                      Millersburg, OH 44654

*Delaney, J.*

{¶1}   Appellant Caleb K. Strohl appeals from the Judgment Entry of September 26, 2017, of the Holmes County Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On or about August 16, 2010, appellant was arrested for attempted theft, a violation of R.C. 2913.02(A)(1), a misdemeanor of the second degree.[1]  Appellant entered a plea of no contest on August 18, 2010, but the plea was withdrawn with the handwritten notation "withdrawn so D can speak to atty."

{¶3}   The next entry of the court is dated September 21, 2010, and indicates the matter was tried to the court and appellant was found guilty.  Appellant was fined $100 plus court costs and sentenced to a jail term of 90 days with credit for time served.

{¶4}   A further "Probation" notation, also dated September 21, 2010,  states:

The jail term previously imposed is hereby suspended and the defendant is placed on probation to the Municipal Court Probation Department for a period of one year subject to the following conditions:

(1)  Defendant shall obey all laws.

(2)   Defendant shall follow the rules and regulations of the Probation Department and report as ordered.

(3)  Community Service

(4) Restitution of $84 to WalMart

(5) Can't go to WalMart

---

[1] The criminal complaint indicates appellant was charged with theft, a misdemeanor of the first degree pursuant to R.C. 2913.02(A)(1), but "attempted theft" is handwritten onto the complaint and the offense degree "first" is crossed out and "2" is written in.

Review hearing on fines & costs (illegible) 12-20-10 at 10:00

am.

{¶5} On December 20, 2010, a Judgment Entry was filed noting appellant failed to appear and a warrant was to issue for his arrest.

{¶6} On January 3, 2011, a Judgment Entry noted the case was called, appellant failed to appear, bond was forfeited, and a bench warrant was issued.

{¶7} The bench warrant was executed on September 3, 2011 and appellant was released on his own recognizance. Stapled to the O.R. bond is a note dated September 3, 2011, stating:

Inmate Caleb Strohl was brought to jail (warrant CRB 1000346) he was very intoxicated and had head injuries, he was transported to JPH. Judge Irving was called and she granted an O.R. bond, bond was faxed and signed at JPH, Inmate Strohl was released from there. –Sgt. Black.

{¶8} On September 7, 2011, a Judgment Entry notes appellant failed to appear and a warrant was to issue for his arrest. A bench warrant was issued for appellant's failure to appear.

{¶9} Also on September 7, 2011, a "Motion to Revoke Probation" was filed by Probation Officer Jeff B. Mellor, noting that appellant failed to report to probation as ordered. A second bench warrant was issued for appellant's violation of the terms of probation.

{¶10} The returns of both September 7, 2011 bench warrants are in the record indicating they were served on appellant on September 27, 2011. On that date, an entry

was filed setting the matter for a probable cause hearing on October 4, 2011, appointing counsel, and modifying bond to $1000 cash or surety.

{¶11} On September 28, 2011, counsel entered a notice of appearance and filed a jury demand, a request for discovery, and a request to preserve video and/or audio tapes.

{¶12} On September 29, 2011, a Judgment Entry was filed noting "OR bond. Probable cause hearing set for Tuesday October 4, 2011 at 10:30 am."

{¶13} On October 4, 2011, the trial court noted by entry that there was probable cause to believe appellant violated probation and setting the matter for hearing on December 21, 2011.

{¶14} In an entry dated December 21, 2011, a Judgment Entry was filed stating the case was called, appellant failed to appear, a bench warrant was issued, and bond was set at $10,000 cash or surety.

{¶15} The return of service of the warrant is in the record and states appellant was arrested on December 29, 2011.

{¶16} On December 30, 2011, an adjudicatory hearing was scheduled for January 11, 2012.

{¶17} On January 11, 2012, appellant entered a plea of admission to the probation violation and waived presentation of evidence. The matter was continued to May 2, 2012, probation was continued, and an O.R. bond was ordered.

{¶18} On April 25, 2012, upon appellant's motion, the adjudicatory hearing was rescheduled for May 1, 2012.

{¶19} On May 1, 2012, the case was called, appellant failed to appear, a bench warrant was issued, and bond was set at $10,000 cash or surety.

{¶20} The return of service of the warrant is in the record and states appellant was arrested on the bench warrant on June 23, 2013.

{¶21} On June 24, 2013, in a case captioned under the instant trial court case number and case number 12 CRB 184, appellant was found to be indigent, counsel was appointed, and a "plea date" was set for July 3, 2013.

{¶22} On June 28, 2013, counsel entered a notice of appearance and filed a jury demand, a request for discovery, and a request to preserve video and/or audio tapes.

{¶23} On July 3, 2013, the hearing was continued to September 18, 2013.

{¶24} On September 18, 2013, appellant failed to appear, a bench warrant was issued, and bond was set at $1000 cash or surety.

{¶25} There is no return of service of the bench warrant dated September 18, 2013. Instead, there is a notation written on the warrant stating "Recalled by Municipal Court August 8, 2017."

{¶26} On August 8, 2017, appellant appeared before the trial court and was given an O.R. bond under the instant trial court case number and case number 12 CRB 184.[2]

{¶27} On August 31, 2017, appellant filed a "Motion for Order Dismissing Motion to Revoke Community Control," requesting dismissal of the "Motion to Revoke Probation" filed September 1, 2011 (*sic*). The motion states in pertinent part:

> * * * *.

---

[2] The trial court's Judgment Entry of September 23, 2017 states appellant appeared before the court voluntarily on August 8, 2017, apparently not upon the execution of a warrant.

[Appellant] was convicted of theft on September 21, 2010.[3] He was fined $100.00 and sentenced to 90 days in jail with credit for time served. The remainder of the jail term was suspended in favor of community control for a period of one year. On July 24, 2015, a "Motion to Revoke Probation" was filed in the Holmes County Municipal Court by Probation Officer Jeff Mellor.[4] On September 1, 2011, pursuant to the Motion to Revoke Probation, a warrant was issued for [appellant's] arrest.[5] Execution on the warrant did not occur until approximately August 8, 2017.[6] [Appellant] appeared in the Holmes County Municipal Court to answer the Motion to Revoke along with a charge of Failure to Appear on August 8, 2017.[7] [*Sic* throughout.]

\* \* \* \*.

{¶28} Appellant argued the probation officer was without authority to file the motion to revoke, and the motion was untimely because it was not filed by the prosecutor. Therefore, appellant concluded, his probation ended on September 21, 2011.

{¶29} Appellee filed a memorandum contra, arguing that the bench warrant issued September 7, 2011 tolled appellant's probationary period until he was brought before the court on August 8, 2017.

---

[3] Appellant was convicted of attempted theft.
[4] The record does not contain any motion to revoke probation filed by Mellor on July 24, 2015. Mellor's motion to revoke probation was filed on September 7, 2011.
[5] A bench warrant was also issued on September 7, 2011 for appellant's failure to appear.
[6] Both bench warrants dated September 7, 2011 were executed on September 27, 2011.
[7] Appellant entered a plea of admission to the probation violation and waived presentation of evidence on January 11, 2012. At appellant's court appearance on August 8, 2017, the trial court recalled a subsequent bench warrant dated September 18, 2013.

{¶30} On September 26, 2017, the trial court overruled appellant's motion to dismiss the community control violation, finding the probation officer had authority to file the motion to revoke and appellant's many failures to appear tolled the probationary period.

{¶31} The matter was scheduled for a pretrial on November 14, 2017. Appellant failed to appear, bond was forfeited, and a bench warrant was issued for his arrest.

{¶32} On December 13, 2017, appellant "entered a plea of admission to the probation violation", was found to have violated the terms of probation, and was sentenced to a jail term of 90 days with credit for time served.

{¶33} Appellant appealed from the entries of the trial court dated September 26 and December 13, 2017.

{¶34} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶35} "I. THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED HIS MOTION TO DISMISS THE MOTION TO REVOKE PROBATION."

{¶36} "II. THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REVOKED THE APPELLANT'S COMMUNITY CONTROL AND SENTENCED HIM AFTER THE TERM OF COMMUNITY CONTROL HAD EXPIRED."

**ANALYSIS**

I., II.

{¶37} Appellant's two assignments of error are related and will be considered together. Appellant argues the trial court erred in overruling his motion to dismiss the probation violation and in revoking the term of community control. We disagree.

{¶38} We begin by noting the statement of the case omits certain facts relevant to appellant's arguments. Appellant's brief leaps factually and inferentially from the sentencing on September 21, 2010 to the motion to revoke probation filed by a probation officer on September 7, 2011. (Appellant's Brief, 8, 11). Within this period of time, significant events occurred contributing to appellant's arrest on September 27, 2011. Appellant fails to mention a review hearing was scheduled for December 20, 2010; he failed to appear; the case was called again on January 3, 2011; he again failed to appear, and a bench warrant was issued. This omission is relevant to appellant's calculation of whether his probation period of one year tolled, as discussed infra.

{¶39} This bench warrant was served upon appellant on September 3, 2011 and appellant was released on his own recognizance that day. The note from the jailer cited supra is stapled to appellant's O.R. bond of September 3, 2011.

{¶40} Appellant then failed to appear on September 7, 2011 and another bench warrant was issued. Also on that date, Probation Officer Mellor filed the motion to revoke probation. Appellant's brief contains only the bench warrant issued pursuant to Mellor's motion (Exhibit A-5), but he was also arrested upon the bench warrant issued by the trial court for his failure to appear.

{¶41} The trial court was within its authority to issue bench warrants for appellant's arrest upon failure to appear. Pursuant to R.C. 2937.43, "[s]hould the accused fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code, the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of such accused."

{¶42} The record contains no indication that any further action was taken on Mellor's motion to revoke probation until the trial court scheduled a probable cause hearing for October 4, 2011, at which the trial court found probable cause existed, and an evidentiary hearing was scheduled for December 21, 2011. Appellant, though, again failed to appear.

{¶43} We also note appellant was represented by counsel throughout these probable-cause proceedings. The record is devoid of any objection raised at any point to Mellor's motion or the initiation of the probation proceedings, and indeed appellant admitted to the violation on January 11, 2012. He then failed to appear again at the resulting hearing scheduled for May 1, 2012.

{¶44} Regarding appellant's first assignment of error, we find no fault with Mellor's motion alerting the trial court that appellant was in violation of the terms of his probation. R.C. 2929.25(D)(1) addresses misdemeanor community-control violations and states in pertinent part:

> If the court * * * sentences the offender to any community control sanction * * *, and if the offender violates any of the conditions of the sanctions, the public or private person or entity that supervises or administers the program or activity that comprises the sanction

shall report the violation directly to the sentencing court or to the department of probation or probation officer with general control and supervision over the offender. * * * *.

{¶45} Moreover, the probation department has authority to supervise offenders and to report any violation of community control to the trial court. *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 24. Mellor acted within his authority. As the trial court pointed out in the September 23, 2017 Judgment Entry, "[s]ubsequent prosecution of the alleged violation would be handled by the Holmes County Prosecutor's Office and the Probation Department would merely serve as witness to the allegation."

{¶46} We turn, then, to appellant's argument that the trial court no longer had jurisdiction to revoke probation and impose jail.[8] Appellant was arrested and brought before the trial court several times, but always failed to appear before adjudication and disposition could occur on the probation violation. Appellant argues, though, that his community-control sanction expired on October 11, 2017, and the trial court was therefore without jurisdiction to impose the remainder of the sentence.

{¶47} We find the trial court did not lose jurisdiction over appellant. R.C. 2929.25(D)(2)(c) states, "If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more of the following

---

[8] We note appellant makes a slightly different argument here than he did before the trial court. As noted supra, he argued the probation bench warrant wasn't served until August 8, 2017, which is factually incorrect. It was served along with the failure-to-appear bench warrant on September 27, 2011, leading to another series of appearances followed by failures to appear.

penalties: [a] combination of community control sanctions, including a jail term."

Regarding the duration of a term of community control, R.C. 2951.07 states:

> A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.

{¶48} Appellant argues simultaneously that his period of community control expired on September 21, 2011, and that it expired on October 11, 2017 (Appellant's Brief, 20). As noted supra, the term of community control is tolled when appellant absconds. R.C. 2951.07. In fact, appellant cites our decision in *State v. Malcolm*, 5th Dist. Licking No. 03CA09, 2003-Ohio-5629, at ¶ 48, in which we stated, "This Court has held the issuance of a capias itself is sufficient to toll the probation period." *Id*., citing *State v. Morrow*, 5th Dist. Morrow No. CA–850 (May 22, 1998) and *State v. Davis*, 5th Dist. Stark No.1999CA00048 (Aug. 22, 1999). Appellant's failures to appear in the instant case tolled his probation no less than five times.

{¶49} Appellant argues on page 21 of his brief that at the time the probation warrant was issued, "[he] had 14 days remaining of his one-year community control sanction." Appellant's statement of facts ignores the period of December 20, 2010 (the

first failure to appear) to September 3, 2011 (execution of the bench warrant): a period of 257 days during which appellant had "absconded."  Moreover, appellant was arrested, released from the hospital due to a head injury, and failed to appear on the next court date of September 7, 2011.  We therefore disagree with appellant's premise that his probation would have terminated on September 21, 2011.

{¶50} We further note we find no support in the record for appellant's following assertions:

> [Appellant] appeared again On October 4, 2011 at the probable cause hearing where the Court found probable cause and set the matter for an adjudicatory hearing on December 11, 2011 (*sic*).  The court did not extend his community control at that time.  On October 4, 2011, there were seven days remaining on [appellant's] community control.  The Court took no further action therefore, on October 11, 2011 [appellant] had served one year on community control and his term was complete. * * * *.

> Appellant's Brief, 21.

{¶51} Appellant has not provided us with the record of the October 4, 2011 hearing.  Appellant was represented by counsel during the probable cause determination and the scheduling of the adjudicatory hearing (at which appellant failed to appear).  The record is devoid of any objection raised to the trial court's continuing jurisdiction, and we fail to discern any basis for such an objection.

{¶52} In short, the record is replete with examples of appellant's failure to appear, extending the period of community control.  On January 11, 2012, appellant admitted to

the probation violation, was given an O.R. bond, and adjudication was continued to May 1, 2012, a date of appellant's choosing. Yet again he failed to appear and was arrested on June 23, 2013. Hearings were continued until September 18, 2013, but appellant failed to appear. The resulting bench warrant from September 18, 2013 was recalled by the trial court on August 8, 2017, apparently upon appellant's voluntary appearance, and at that point, appellant filed the motion to dismiss the motion to revoke probation.

{¶53} We agree with the trial court that appellant's probation period was effectively tolled by his own constant failures to appear. We agree that the probation department's action in filing the motion to revoke probation was not improper. We therefore find no error in the trial court's decision overruling appellant's motion to dismiss.

{¶54} Appellant's two assignments of error are overruled.

## CONCLUSION

{¶55} Appellant's two assignments of error are overruled and the judgment of the Holmes County Municipal Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.